

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

**KIMBERLY SAENZ, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON DISCRETIONARY REVIEW
## FROM THE FOURTH COURT OF APPEALS
## ANGELINA  COUNTY

*Womack, J., delivered the opinion of the Court, in which Keller, P.J., and Price, Johnson, Hervey, Cochran, and Alcala, JJ., joined. Keasler, J., concurred in the judgment. Meyers, J., dissented.*

We granted review to consider whether a jury charge on capital murder under Penal Code Section 19.03(a)(7) must require the jurors to agree as to the identities and the number of the victims. We shall reverse the judgment of the court below and remand the case to the Court of Appeals.

The appellant was indicted for five counts of aggravated assault and one count of capital murder. The first five counts of the indictment alleged aggravated assaults of five patients of a dialysis clinic who suffered adverse episodes but did not die. The sixth count charged her with capital murder by murdering more than one person during the same

criminal transaction or during different criminal transactions but pursuant to the same scheme or course of conduct. The jury acquitted the appellant on two of the aggravated assault charges. It found her guilty of three aggravated assaults and of capital murder. The Court of Appeals affirmed the trial court's judgment.[1]

The appellant was charged with capital murder under Penal Code Section 19.03(a)(7), which reads:

> A person commits an offense if the person commits murder as defined under Section 19.02(b)(1) and … the person murders more than one person:
>> (A) during the same criminal transaction; or
>> (B) during different criminal transactions but the murders are committed pursuant to the same scheme or course of conduct.

The capital-murder language of the jury charge instructed jurors to determine if the appellant "did intentionally or knowingly cause the death of *more than one* of the following persons: Clara Strange, Thelma Metcalf, Garlin Kelley, Cora Bryant, or Opal Few during the same criminal transactions or during different criminal transactions, but the murders were committed pursuant to the same scheme or course of conduct, by introducing sodium hypochlorite, commonly known as bleach, or other chlorinating agent into the body's bloodstream."[2]

During closing arguments, the State told the jury, "The State has the burden of proof to prove that the Defendant caused the death of at least two of the five victims. *You*

---

[1] *Saenz v. State*, 421 S.W.3d 725 (Tex. App. – San Antonio 2014).

[2] Emphasis added.

*don't have to agree as to which two.*"[3]

The appellant argued for the first time on appeal that the language in the jury charge and the State's closing argument allowed the jury to convict her of capital murder without agreeing on which two or more of the five named individuals were murdered by the appellant, violating the requirement that jury verdicts be unanimous.

### Unanimity in Capital Murder

Texas law requires a unanimous jury verdict in all criminal cases.[4] More specifically, "the jury must be unanimous in finding every constituent element of the charged offense in all criminal cases."[5]

The capital-murder statute requires a predicate murder as defined under Section 19.02(b)(1) and any one of nine additional aggravating circumstances.[6] "When an indictment alleges differing methods of committing capital murder in the conjunctive, the jury may properly be charged in the disjunctive."[7] "The unanimity requirement is not violated by instructing the jury on alternate theories of committing the same offense, in

---

[3] Emphasis added.

[4] TEX. CODE CRIM. PRO. art. 36.29.

[5] *Jourdan v. State*, 428 S.W.3d 86, 94 (Tex. Crim. App. 2014) (citing *Pizzo v. State*, 235 S.W.3d 711, 714 (Tex. Crim. App. 2007)).

[6] TEX. PENAL CODE § 19.03(a); *see also Graham v State*, 19 S.W.3d 851, 853 (Tex. Crim. App. 2000). Section 19.02(b)(1) defines the offense of murder as "intentionally or knowingly caus[ing] the death of an individual."

[7] *Martinez v. State*, 129 S.W.3d 101, 103 (Tex. Crim. App. 2004) (citing *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991)).

contrast to instructing the jury on two separate offenses involving separate incidents."[8] To guarantee unanimity when the State is not required to elect between aggravating circumstances, "the jury must be instructed that it must unanimously agree on one incident of criminal conduct (or unit of prosecution), based on the evidence, that meets all of the essential elements of the single charged offense beyond a reasonable doubt."[9]

More recently, this Court stated that these holdings remain good law, and that "the gravamen of capital murder is intentionally (or knowingly) causing a death, plus any one of various different types of aggravating elements …."[10] We also clarified "that our holding … applies equally to all alternate theories of capital murder contained within [Penal Code] § 19.03, whether they are found in the same or different subsections, *so long as the same victim is alleged for the predicate murder*."[11]

The aggravating circumstance for a capital-murder prosecution under Section 19.03(a)(7), which is at issue in this case, is the "murder of more than one person during the same criminal transaction or … pursuant to the same scheme or course of conduct."

---

[8] *Id.*

[9] *Cosio v. State*, 353 S.W.3d 766, 776 (Tex. Crim. App. 2011).

[10] *Gardner v. State*, 306 S.W.3d 274, 302 (Tex. Crim. App. 2009).

[11] *Gamboa v. State*, 296 S.W.3d 574, 584 (Tex. Crim. App. 2009) (emphasis added). *See also Davis v. State,* 313 S.W.3d 317, 342 (Tex. Crim. App. 2010) ("Nothing prohibits a single capital murder from containing alternate underlying offenses that are the same statutory offense but with different victims or different underlying methods of commission, *so long as the same victim is alleged with respect to the predicate murder*.") (emphasis added).

As we stated in *John Anthony Saenz v. State*, "The commission of at least one murder, then, *which is in addition to the predicate murder*, is the aggravating circumstance required by Section 19.03(a)(7)(A)."[12] Although that case dealt specifically with subsection (A), we have held that the same interpretation applies to both subsections (A) and (B) of Section 19.03(a)(7).[13] Phrased another way, under both subsections the allowable unit of prosecution is "the killing of more than one individual."[14]

However, our previous case law regarding Section 19.03(a)(7) does not directly address the issue presented today, which is in the context of jury unanimity.

In the other *Saenz* case, John Saenz was convicted of three counts of capital murder when he shot and killed three people during a single transaction. Each capital murder count alleged a different victim as the predicate murder and alleged the killings of the other two victims as aggravating circumstances.[15] We held that only one of his capital-murder convictions could be sustained because two murders must be shown to establish capital murder under Section 19.03(a)(7)(A), and the same three murders could not be

---

[12] 166 S.W.3d 270, 273 (Tex. Crim. App. 2005) (emphasis added).

[13] *Ex parte Milner*, 394 S.W.3d 502, 508 (Tex. Crim. App. 2013) ("for capital murder under Section 19.07(a)(7)(B), the state must allege that at least two murders were committed: an intentional murder under section 19.02(b)(1) and *at least* one additional murder as the aggravating circumstance").

[14] *Saenz*, 166 S.W.3d at 273 (addressing Section 19.03(a)(7)(A)); *Milner*, 394 S.W.3d at 508 (addressing Section 19.03(a)(7)(B)).

[15] *Saenz*, 166 S.W.3d at 271.

used to establish separate capital-murder convictions.[16] However, there was no question of whether the jury agreed he had committed all three murders — their original verdict convicted him of all three in separate charges, affirmatively answering the question of whether he had committed each of the separate murders. Each charge alleged a specific victim of the predicate murder, aggravated by the other two.

The jury charge before us today did not specify the killing of any one victim as the predicate murder, and the jury was not required to specify which two or more of the five alleged victims that they agreed the appellant had murdered.

In *Milner* the applicant pleaded guilty to two counts of capital murder and one count of murder after he shot and killed one person and attempted to kill two others. Each of the attempted murders was charged as attempted capital murder, aggravated by the death of the first victim in the same scheme and course of conduct.[17] We held that only one of the capital-murder convictions could be upheld, "[b]ecause each attempted capital murder conviction under Penal Code §§ 19.03(a)(7)(B) and 15.01(b) [criminal attempt] requires at least two victims not included as victims in other attempted capital murder provisions under those same penal code sections."[18] As in *John William Saenz*, there was no fact question of whether the applicant committed all three attacks; he pleaded guilty to

---

[16] *Id.* at 274.

[17] *Milner*, 394 S.W.3d at 504.

[18] *Id.* at 510.

all three charges, including the attempted capital-murder charges that named a specific victim of the predicate attempted murder.

The language used in the jury charge that we consider today made it possible for the jurors to convict without agreeing that any one particular person was murdered by the appellant. Although the charge required the jury to unanimously agree that she killed at least two of the five named victims, there was no requirement that the jurors agree on any one specific murder, which would have served as the predicate murder. Six jurors could have agreed she killed victims A, B, and C, while the other six agreed she killed victims D and E. There is no way to know whether the unanimous verdict included agreement regarding the identity of at least one of the victims.

Without unanimous agreement regarding a predicate murder as defined under Section 19.02(b)(1), which in this case could have been any one of the five people she was alleged to have killed, there was no foundation from which to progress to a conviction for capital murder, and the appellant's right to a unanimous verdict was violated. The Fourth Court of Appeals erred in holding that the jury charge was not erroneous.

Because the appellant did not object to the jury charge, the trial court's error must be analyzed for egregious harm under *Almanza v. State*.[19] We therefore vacate the

---

[19] 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on State's motion for reh'g). *See also Cosio v. State*, 353 S.W.3d 766, 777 (Tex. Crim. App. 2011) ("Because Cosio forfeited his constitution-based jury charge claim [predicated on jury unanimity], he is not entitled to a harm analysis under [TEX. R. APP. P.] Rule 44.2(a). But the charge error must still be reviewed for

judgment of the Court of Appeals and remand the case to that Court for further proceedings not inconsistent with this opinion.

Delivered December 10, 2014.
Publish.

---

egregious harm under *Almanza*.").