ACCEPTED
04-12-00238-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
3/26/2015 11:40:40 PM
KEITH HOTTLE
CLERK

NO. 04-12-00238-CR

IN THE FOURTH COURT OF APPEALS
FOR THE STATE OF TEXAS, SITTING IN SAN ANTONIO

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
3/26/2015 11:40:40 PM
KEITH E. HOTTLE
Clerk

**KIMBERLY SAENZ,** *Appellant*,

**VS.**

**THE STATE OF TEXAS,** *Appellee.*

On direct appeal from the 217th Judicial District Court
of Angelina County, Texas, in Cause No. CR-28,665

**APPELLANT'S SUPPLEMENTAL BRIEF**

**ROBERT A. MORROW**
SBN: 14542600
24 Waterway Ave., Suite 660
The Woodlands, Texas 77380
Tel. 281-379-6901
Fax 281-813-0321

**ORAL ARGUMENT REQUESTED**

Heather M. Lytle
SBN: 24046487
202 Travis Street, Suite 300
Houston, Texas 77002
Tel. 713-204-7060

Amy D. Martin
SBN: 24041402
202 Travis Street, Suite 300
Houston, Texas 77002
Tel. 713-320-3525

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:  KIMBERLY SAENZ

Trial Counsel:
 T. Ryan Deaton     Stephen C. Taylor
 103 E. Denman     P.O. Box 293
 Lufkin, TX 75901    Conroe, TX 77305-0293
 Tel. 936-637-7778    Tel. 800.223.8308

Appellate Counsel:
 Robert A. Morrow III   Amy D. Martin
 24 Waterway Avenue   202 Travis Street
 Suite 660      Suite 300
 The Woodlands, TX 77380 Houston, TX 77002
 Tel. 281-379-6901    Tel. 713-320-3525

 Aisha Khan Sajjad    Heather M. Lytle
 202 Travis Street    202 Travis Street
 Suite 300      Suite 300
 Houston, TX 77002   Houston, TX 77002
 Tel. 832-964-6936    Tel. 713-204-7060


APPELLEE   STATE OF TEXAS

Trial Counsel:
 Clyde M. Herrington   Christopher Tortorice
 Layne Thompson    Asst. U.S. Atty.
 Angelina Co. Dist. Atty.  110 N. College
 P.O. Box 908     Suite 700
 Lufkin, TX 75902-0908  Tyler, TX 75702
 Tel. 936-632-5090    Tel. 936-590-1400

Appellate Counsel:
 Art Bauereiss     John G. Jasuta
 Angelina Co. Dist. Atty. Ofc. David A. Schulman
 Appellate Division    PO Box 783
 P.O. Box 908     Austin, Texas 78767
 Lufkin, TX 75902-0908  Tel. 512-474-4747
 Tel. 936-632-5090

# TABLE OF CONTENTS

Page No.

IDENTITY OF PARTIES AND COUNSEL ................................................................. i

TABLE OF CONTENTS ....................................................................................... ii

TABLE OF AUTHORITIES .................................................................................. iii

STATEMENT OF THE CASE ............................................................................... iv

STATEMENT REGARDING ORAL ARGUMENT ....................................................... iv

STATEMENT OF FACTS ..................................................................................... 1

ARGUMENT ...................................................................................................... 1

*The Almanza factors require a finding of egregious harm.* ................. 2

*Legally sufficient is a far cry from "overwhelming."* .......................... 5

    *1. Ms. Saenz' acquittals* ................................................. 6

    *2. No evidence of chlorate entering the body.* ............................ 7

    *3. Cause of death was a highly contested issue.* ........................ 7

*Contested and controverted evidence is not "overwhelming" evidence.* ........................................................................................... 8

*Reliance on Motilla and Garcia is misplaced.* ....................................... 8

PRAYER ......................................................................................................... 10

CERTIFICATE OF COMPLIANCE ....................................................................... 11

CERTIFICATE OF SERVICE .............................................................................. 11

# TABLE OF AUTHORITIES

Page No.

Cases

*Almanza v. State*,
686 S.W.2d 157 (Tex.Crim.App. 1985)..................................................... 1

*Cosio v. State*,
353 S.W.3d 766 (Tex.Crim.App. 2011)................................................. 5,8

*Garcia v. State*,
919 S.W.2d 370 (Tex.Crim.App. 1994)..................................................... 9

*Hutch v. State*,
922 S.W.2d 166 (Tex.Crim.App. 1996)..................................................... 2

*Motilla v. State*,
78 S.W.3d 352 (Tex.Crim.App. 2002)..................................................... 8

*Ngo v. State,*
175 S.W.3d 738 (Tex.Crim.App. 2005)............................................. 1,3-4,8

*Saenz v. State*,
451 S.W.3d 388 (Tex.Crim.App. 2014).................................................. iv,1

## STATEMENT OF THE CASE

Appellant, Kimberly Clark Saenz, relies upon and incorporates the Statement of the Case presented in her Appellant's Brief that has already been presented to this Court. Following this Court's decision to affirm Ms. Saenz' conviction and sentence, the Texas Court of Criminal Appeals granted Ms. Saenz' petition for discretionary review. On December 10, 2014, the Court of Criminal Appeals reversed this Court's decision, holding that the Court erred in finding no error in the jury charge, and holding that the charge allowed for a non-unanimous verdict by failing to require unanimous agreement on the victim of the predicate murder on which the capital murder charge was based. *Saenz v. State*, 451 S.W.3d 388 (Tex.Crim.App. 2014). The Court of Criminal Appeals remanded the case to this Court to conduct a harm analysis under the *Almanza* standard, because Ms. Saenz' counsel failed to object to the charge error. *Id*.

On February 6, 2015 this Court ordered the parties to submit supplemental briefing. The State filed its brief in accordance with the Order on March 9, 2015. Ms. Saenz now files her Supplemental Brief pursuant to the Court's Order.

## STATEMENT REGARDING ORAL ARGUMENT

Ms. Saenz respectfully requests that this Court grant oral argument. The Court of Criminal Appeals decision in this case was a case of first impression in Texas. Accordingly, the determination of harm in this case will also have

significant impact on the jurisprudence of our State. Additionally, given the volume of evidence in this case, the review of which is necessary to determine harm, oral argument will aid this Court in making its determination.

## STATEMENT OF FACTS

Ms. Saenz relies upon, and incorporates, the Statement of Facts presented in her Appellant's Brief on original submission to this Court, as well as the Statement of Facts presented to the Court of Criminal Appeals in her Petitioner's Brief on the Merits.

## ARGUMENT

The Court of Criminal Appeals held that Kimberly Saenz' right to a unanimous verdict was violated because the jury charge "made it possible for the jurors to convict without agreeing that any one particular person was murdered by the appellant." *Saenz v. State*, 451 S.W.3d 388 (Tex.Crim.App. 2014). The question before this Court is whether the erroneous jury charge, which was presented without objection by the defense, caused egregious harm to Ms. Saenz, as defined by *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App. 1985). Put simply, did the legal error in the charge go beyond the theoretical "possibility" of a non-unanimous verdict to create an *actual* deprivation of a valuable right? *See Ngo v. State,* 175 S.W.3d 738, 750 (Tex.Crim.App. 2005).

The State blithely answers "no" to this question, claiming that the evidence of Ms. Saenz' guilt of murdering *all five* of the alleged victims was so overwhelming that every juror must have believed her guilty of killing them all. Thus, argues the State, there is no actual harm because even though the jury charge

1

permitted a non-unanimous verdict, the evidence did not.

In support of its argument, the State correctly stated the standard for determining whether egregious harm results from jury charge error: This Court will find actual harm by considering the error in light of: (1) the entire jury charge as written; (2) the state of the evidence, including contested issues and the weight of the probative evidence; (3) the arguments of counsel; and (4) any other relevant information found in the record as a whole. *Hutch v. State*, 922 S.W.2d 166, 171 (Tex.Crim.App. 1996). While the State correctly recites this standard, its argument blatantly ignores three of those four factors, focusing entirely on the State's interpretation of the state of the evidence. *State's Supplemental Brief*, p. 3-5.

When all of the *Almanza* factors are considered, along with all the evidence at trial, it becomes readily apparent that Kimberly Saenz suffered egregious harm as a result of the jury charge error because the record as a whole demonstrates that she was actually deprived of the valuable, constitutional right to a unanimous verdict.

### The Almanza factors require a finding of egregious harm.

In her briefing before this Court on original submission, and before the Court of Criminal Appeals, Ms. Saenz set out thoroughly, and with specificity, the facts supporting the finding of harm based on each of the *Almanza* factors. *See Appellant's Brief, pp. 16-21*. In order to avoid repetitive briefing, Ms. Saenz

2

directs the Court to those briefs for a thorough recitation of the facts surrounding the charge, the State's arguments, and the record, which support a finding of egregious harm.

Given the manner in which the jury charge emphasized, rather than ameliorated, the error, and the State's closing argument which encouraged the jury to render a guilty verdict despite a lack of unanimity, it is important for this Court to consider cases in which the Court of Criminal Appeals has considered these issues specifically.

In *Ngo v. State*, the Court of Criminal Appeals found that the jury charge caused actual, egregious harm, and deprived the defendant of his right to a unanimous verdict, because: (1) both the State and the judge emphasized the error in the charge; and (2) the jury charge itself exacerbated, rather than ameliorated, the error. *Ngo v. State*, 175 S.W.3d 738 (Tex.Crim.App. 2005). The Court held:

> This is not an instance of a jury charge which is simply missing an important word – "unanimously" – which reasonable jurors might infer from the context of the entire charge or from the comments of the advocates emphasizing the correct legal principles. Here, the jury was affirmatively told, on three occasions, twice by the prosecutor and once by the trial judge, that it need not return a unanimous verdict. Both told the jury that "a mix and match" verdict of guilt based upon some jurors believing appellant stole a credit card, others believing he received a stolen credit card, and still others believing that he fraudulently presented one, was "the law."
> …
> In sum, this is an instance in which the original jury charge error was not corrected or ameliorated in another portion of the charge; instead, it was compounded by the one misleading statement concerning

3

unanimity that was set out in the jury charge, as well as by the affirmative statements of both the trial judge and prosecutor that the jury could indeed return a non-unanimous verdict. And, given the state of the evidence, we … cannot determine that the jury was, in fact, unanimous in finding appellant guilty of one specific credit-card-abuse offense. Some jurors could have found appellant's defense to one or more of the three allegations persuasive while finding another one unpersuasive. We therefore agree that appellant's constitutional and statutory right to a unanimous jury verdict was violated and this violation caused egregious harm to his right to a fair and impartial trial.

*Ngo*, 175 S.W.3d at 751-52.

The *Ngo* case is remarkably similar to Ms. Saenz' case. Even though the judge did not misstate the law in this case, the indictment, which was read at the outset of the case, mirrored the error in the jury charge, emphasizing to the jury that it need not agree on which victims Ms. Saenz allegedly murdered. *RR 50:18-25*; *CR 1:75-77*. As in *Ngo*, the prosecutor in this case specifically told the jury that it need not reach a unanimous verdict. *RR 50:36-37*. Importantly, the Court considered the evidence presented in Mr. Ngo's case, and found that because the State's evidence was *contested*, this factor weighed in favor of finding harm. *Ngo*, 175 S.W.3d at 752. This is precisely the state of the evidence in Ms. Saenz' trial – the defense vigorously contested the State's evidence at every turn with its own, valid, and often uncontroverted, evidence. Accordingly, following the analysis set out by *Ngo*, Ms. Saenz suffered actual harm in that her right to a fair and impartial trial was violated.

4

Six years after deciding *Ngo*, the Court of Criminal Appeals considered the issue again in *Cosio v. State*. In that case, the Court found that the jury charge allowed for a non-unanimous verdict, but held the error to be harmless because: (1) the State did not emphasize the error in its closing arguments, and (2) the evidence was such that a guilty verdict necessarily required unanimity. *Cosio v. State*, 353 S.W.3d 766 (Tex.Crim.App. 2011). The Court specifically compared the case to *Ngo*, emphasizing that a prosecutor's repetition of the error in his closing weighs heavily in favor of finding harm. *Id*. at 777, n.75. Unlike here, the Court found that the largely uncontested evidence would not have allowed the jury to convict Cosio of one of the alleged charges while acquitting him of the others. *Id*. at 778.

In stark contrast to *Cosio*, in Ms. Saenz' trial the State did emphasize the error in closing argument, effectively lessening its burden of proof in the eyes of the jury. Moreover, as noted, the evidence was fiercely and continually contested, and was not so overwhelming that it precluded the jury from disagreeing about whether or not Ms. Saenz murdered any one of the five alleged victims.

### Legally sufficient is a far cry from "overwhelming."

Despite the State's lengthy recitations of evidence and arguments presented at trial, the fact remains that Ms. Saenz has already shown this Court in her previous briefing that ample evidence was presented to contradict the State's purported evidence, and that such evidence went uncontroverted in many cases.

Ms. Saenz concedes that this Court overruled her claim that the State's evidence was legally insufficient to support her conviction. However, such a ruling is a far cry from holding that the evidence was "overwhelming" enough to preclude the very real possibility that jurors disagreed about which of the five patients she allegedly murdered.

As discussed thoroughly in Ms. Saenz' briefs on original submission before this Court, the defense countered the State's evidence at every turn, and exposed every speculation, hypothesis and loosely-connected circumstance. *See Appellant's Brief, pp. 21-43*. Again, in an effort to avoid repetitious briefing, Ms. Saenz directs the Court's attention to her previously submitted briefs for a thorough recitation of the, at times unchallenged, defense, and the specific manner in which it countered the State's evidence.

In order to highlight the fallacy of the State's argument, Ms. Saenz refers the Court to the following specifics:

### 1. Ms. Saenz' acquittals.

First, the jury acquitted Ms. Saenz of two counts of aggravated assault against Graciela Casteneda and Carolyn Risinger – despite alleged eye-witness testimony that Ms. Saenz personally injected Ms. Risinger with bleach, and despite Ms. Casteneda having the highest level of 3-chlorotyrosine in her blood. *See Appellant's Brief, p. 44; RR39:80, 85-87*. Accordingly, it is clear that the same

6

evidence the State now calls "overwhelming" the jury found to be insufficient.

### 2. No evidence of chlorate entering the body.

Second, the State's own evidence showed that *none* of the five deceased patients' dialysis lines contained chlorate (an indicator of the presence of bleach) at the point where fluid enters the body. *See Appellant's Brief, p. 23*. Only one patient's dialysis lines, those of Opal Few, contained chlorate in the actual blood line. *Id., p. 29*. Even so, both the defense and the State witnesses agreed that Ms. Few's dialysis machine would have had to be *turned off* when the chlorate was introduced – in other words, the evidence conclusively showed she was not actively receiving dialysis treatment at the time the chlorate was introduced. *Id., p. 30; RR 39:196;46:126-33;33;48:167-69*.

### 3. Cause of death was a highly contested issue.

A significant portion of the evidence at trial centered around the cause of death of each of the five patients. The State presented theories and hypotheses about how bleach-induced death *could* be proven, while the defense presented evidence of what *did* occur in each of the five patients. *See Appellant's Brief, pp. 21-43*. Specifically, each of the five patients presented with serious illnesses related to end-stage renal failure, all of which explain the cardiac arrests experienced by these patients. *Id*. Moreover, in the cases of Garlin Kelley and Cora Bryant, both of whom were treated for months after suffering a cardiac event

7

at the dialysis center, no examining doctor or nurse ever noted the known effects of bleach poisoning. *Id. at pp. 42-43*; *RR47:159-207;48:12-60*.

***Contested and controverted evidence is not "overwhelming" evidence.***

The State's analysis ignores the fact that the defense vigorously contested its evidence with sound and credible evidence. The *Almanza* factors direct this Court to consider, as one factor, "the state of the evidence, including contested issues and the weight of the probative evidence." It is evident from the sheer volume of evidence, and the lengthy briefing already presented to this Court, that each element of the capital murder charge was contested. The fact that the defense presented enough competent evidence to counter each element that the State brought forward necessarily precludes a finding that the evidence against Ms. Saenz was overwhelming. *See Ngo*, 175 S.W.3d at 752; *cf. Cosio*, 353 S.W.3d 778.

***Reliance on <u>Motilla</u> and <u>Garcia</u> is misplaced.***

The only authority the State presents to this Court in support of its argument are two Court of Criminal Appeals decisions – *Motilla v. State* and *Garcia v. State*. *See State's Supplemental Brief*, p. 5. *Motilla* is wholly inapplicable because it does not address the *Almanza* standard of determining egregious harm. Instead, *Motilla* considered harm caused by the non-constitutional error of the erroneous admission of evidence, governed by Rule 44.2(b) of the Texas Rules of Appellate Procedure. *Motilla v. State*, 78 S.W.3d 352, 357 (Tex.Crim.App. 2002).

The State relies on *Garcia* as support for its contention that "under *Almanza,* where the evidence of the defendant's guilt is overwhelming, the error may be considered harmless." *See State's Supplemental Brief*, p. 5; *Garcia v. State*, 919 S.W.2d 370 (Tex.Crim.App. 1994). However, the State conspicuously omits from its discussion that Court may only find a jury charge error harmless in the face of alleged overwhelming evidence of guilt when the remaining *Almanza* factors are weak or non-existent.

In *Garcia*, the complained-of error was the inclusion of a discrete phrase, "intent or knowledge may be inferred by acts done or words spoken" rather than lack of unanimity. *Garcia*, 919 S.W.2d 370, 396. Furthermore, there was no other error in the charge, and no emphasis of the error by counsel. *Id*. The Court found the jury charge error in that case harmless in light of these facts *and* in the face of overwhelming – *and uncontested* – evidence of guilt. *Id*.

Accordingly, *Garcia* is readily distinguishable on the facts and inapplicable to this case. More importantly, as argued above the State failed to acknowledge the ample authority demonstrating that evidence of guilt is *but one* factor to consider and weigh against the other three: (1) the entire jury charge as written; (2) the arguments of counsel; and (3) any other relevant information found in the record as a whole. The State's argument fails because the manner in which Ms. Saenz' right to a unanimous verdict was undermined by the charge itself, the indictment, and

the prosecutor outweigh even legally sufficient evidence of guilt. Based on this record, this Court must find that Ms. Saenz actually suffered harm to her right to a fair and impartial trial, and her constitutional and statutory right to a unanimous verdict.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Ms. Saenz respectfully requests that this Court vacate her conviction and sentence, and remand to the trial court for a new trial.

Respectfully submitted,

___/s/ Robert A. Morrow III___
**ROBERT A. MORROW**
SBN: 14542600
24 Waterway Ave., Suite 660
The Woodlands, Texas 77380
Tel. 281-379-6901
Fax 281-813-0321

Heather M. Lytle
SBN: 24046487
202 Travis Street, Suite 300
Houston, Texas 77002
Tel. 713-204-7060

Amy D. Martin
SBN: 24041402
202 Travis Street, Suite 300
Houston, Texas 77002
Tel. 713-320-3525

ATTORNEYS FOR APPELLANT
KIMBERLY CLARK SAENZ

10

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with Texas Rule of Appellate Procedure 9.4.

It was prepared in 14-point Times New Roman font.  It contains 2,303 words.

_/s/ Robert A. Morrow III_
**ROBERT A. MORROW**


## CERTIFICATE OF SERVICE

This is to certify that on the 26th day of March, 2015, a true and correct copy

of the foregoing instrument was served upon the following counsel of record in

accordance with the Texas Rules of Appellate Procedure:

Art Bauereiss
Angelina Co. Dist. Atty. Ofc.
Appellate Division
P.O. Box 908
Lufkin, TX 75902-0908
Tel. 936-632-5090

John G. Jasuta
David A. Schulman
PO Box 783
Austin, Texas 78767
Tel. 512-474-4747

_/s/ Robert A. Morrow III_
**ROBERT A. MORROW**