ACCEPTED
04-12-00238-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
9/8/2015 2:14:46 PM
KEITH HOTTLE
CLERK

NO. 04-12-00238-CR

IN THE FOURTH COURT OF APPEALS
FOR THE STATE OF TEXAS, SITTING IN SAN ANTONIO

---

**KIMBERLY SAENZ,** *Appellant*

**VS.**

**THE STATE OF TEXAS,** *Appellee*

---

On Remand from the Court of Criminal Appeals in Cause No. PD-0253-14
Appeal from the 217th Judicial District Court
of Angelina County, Texas, in Cause No. CR-28,665

---

**APPELLANT'S MOTION FOR EN BANC RECONSIDERATION**

**ROBERT A. MORROW**
SBN: 14542600
24 Waterway Ave., Suite 660
The Woodlands, Texas 77380
Tel. 281-379-6901
Fax 281-813-0321

**ORAL ARGUMENT REQUESTED**

Heather M. Lytle
SBN: 24046487
202 Travis Street, Suite 300
Houston, Texas 77002
Tel. 713-204-7060

Amy D. Martin
SBN: 24041402
202 Travis Street, Suite 300
Houston, Texas 77002
Tel. 713-320-3525

# IDENTITY OF PARTIES AND COUNSEL

APPELLANT:          KIMBERLY SAENZ

| Trial Counsel: | T. Ryan Deaton | Stephen C. Taylor |
|---|---|---|
| | 103 E. Denman | P.O. Box 293 |
| | Lufkin, TX 75901 | Conroe, TX 77305-0293 |
| | Tel. 936-637-7778 | Tel. 800.223.8308 |

| Appellate Counsel: | Robert A. Morrow III | Amy D. Martin |
|---|---|---|
| | 24 Waterway Avenue | 202 Travis Street |
| | Suite 660 | Suite 300 |
| | The Woodlands, TX 77380 | Houston, TX 77002 |
| | Tel. 281-379-6901 | Tel. 713-320-3525 |
| | | |
| | Heather M. Lytle | |
| | 202 Travis Street | |
| | Suite 300 | |
| | Houston, TX 77002 | |
| | Tel. 713-204-7060 | |

APPELLEE        STATE OF TEXAS

| Trial Counsel: | Clyde M. Herrington | Christopher Tortorice |
|---|---|---|
| | Layne Thompson | Asst. U.S. Atty. |
| | Angelina Co. Dist. Atty. | 110 N. College |
| | P.O. Box 908 | Suite 700 |
| | Lufkin, TX 75902-0908 | Tyler, TX 75702 |
| | Tel. 936-632-5090 | Tel. 936-590-1400 |

| Appellate Counsel: | Angelina Co. Dist. Atty. Ofc. |
|---|---|
| | Appellate Division |
| | P.O. Box 908 |
| | Lufkin, TX 75902-0908 |
| | Tel. 936-632-5090 |

# TABLE OF CONTENTS

Page No.

IDENTITY OF PARTIES AND COUNSEL ............................................................ i

TABLE OF AUTHORITIES.......................................................................... iii

STATEMENT OF THE CASE........................................................................1

EN BANC RECONSIDERATION ...................................................................1

    *Lack of uniformity* .............................................................................2

    *Extraordinary circumstances*................................................................3

PRAYER ............................................................................................7

CERTIFICATE OF COMPLIANCE ................................................................8

CERTIFICATE OF SERVICE ......................................................................8

# TABLE OF AUTHORITIES

Page No.

**Cases**

*Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)* ..........................1, 5

*Ansari v. State*, No. 04-14-00728-CR, 2015 WL 4638286 (Tex. App. Aug. 5, 2015)(not designated for publication) .......................................................2,3

*Carroll v. State*, 101 S.W.3d 454 (Tex. Crim. App. 2003).....................................5

*Granviel v. State*, 723 S.W.2d 141 (Tex. Crim. App. 1986) ..................................5

*Robison v. State*, 888 S.W.2d 473 (Tex. Crim. App. 1994) ....................................5

*Saenz v. State*, 421 S.W.3d 725 (Tex. App.—San Antonio), *petition for discretionary review granted* (May 14, 2014), *vacated,* 451 S.W.3d 388 (Tex. Crim. App. 2014), *reh'g denied* (Jan. 28, 2015).....................................4

*Saenz v. State*, 451 S.W.3d 388 (Tex. Crim. App. 2014) .......................................1

*Saenz v. State*, No. 04-12-00238-CR, 2015 WL 5037969 (Tex. App. Aug. 26, 2015)(not designated for publication) .......................................................1, 4

*Warner v. State,* 245 S.W.3d 458, 462 (Tex. Crim. App. 2008).............................3


**Rules**

Texas Rule of Appellate Procedure 41.2...............................................................2

Texas Rule of Appellate Procedure 49.7...............................................................1

Texas Rule of Appellate Procedure 9.4.................................................................8

## STATEMENT OF THE CASE

Appellant Kimberly Clark Saenz relies upon and incorporates the Statements of the Case presented in all prior pleadings she has filed. Appellant has also filed a Motion for Rehearing in which a more detailed recitation of the facts can be found.

On December 10, 2014, the Court of Criminal Appeals held that this Court erred in finding no error in the jury charge because the charge allowed for a non-unanimous verdict by failing to require unanimous agreement on the victim of the predicate murder on which the capital murder charge was based[1]. *Saenz v. State*, 451 S.W.3d 388 (Tex. Crim. App. 2014).

The Court of Criminal Appeals remanded the case to this Court to conduct a harm analysis under the *Almanza* standard, because Ms. Saenz' did not object to the charge error[2]. *Id*.

## EN BANC RECONSIDERATION

On August 26, 2015 this Court, by a Panel of only 2 Justices, held that the error was not harmful. Appellant files this Motion for En Banc Reconsideration pursuant to Texas Rule of Appellate Procedure 49.7.

---

[1] This case was a death penalty case in which the jury imposed a life sentence. Therefore, the case was appealed to this Court.

[2] The lack of objection to the charge and to the prosecutor's argument were two of the issues Appellant argued to be evidence of ineffective assistance of counsel. Ultimately, Counsel did file a Motion for New Trial in which he argued that the charge was fatally flawed. *CR 8:3150-3267*.

1

Although disfavored, en banc consideration is proper if "necessary to secure or maintain uniformity of the court's decisions or unless extraordinary circumstances require en banc consideration." Texas Rule of Appellate Procedure 41.2(c). In Appellant's case, both reasons are applicable.

This Court decided a case three weeks prior to Appellant's that exhibits a lack of uniformity in the Court's opinions on the same issue. This was a death penalty case with a life without parole verdict. Appellant's crime was based upon the murder of multiple victims. The Court of Criminal Appeals reversed this Court and held that Appellant was denied her right to a unanimous verdict because the jurors were told they did not need to render a unanimous verdict.

### *Lack of uniformity*

Three weeks before this opinion was handed down, a 3 Justice Panel (2 of whom decided this case) decided *Ansari v. State*, No. 04-14-00728-CR, 2015 WL 4638286 (Tex. App. Aug. 5, 2015)(not designated for publication). At trial, Ansari was denied a requested jury charge on unanimity and this Court found it to be harmful error. Because the objection was preserved at trial, Ansari had to show "some harm."

Reviewing a jury instruction and argument very similar to Appellant's, the Court found that both "weigh in favor of a finding of some harm." *Ansari* at *3.

The Court concluded: "The contradictions in the evidence between the only two witnesses and law enforcement, as well as the photographs—impeaching the testimony of the eyewitnesses—weigh in favor of a finding of some harm." *Ansari* at \*5.

In Appellant's case, the prosecutor explicitly told the jury they did not have to agree on the same victims. In *Ansari*, the prosecutor's argument only "suggested to each individual juror the he or she could find Ansari guilty if he or she believed either assault occurred—without agreement." *Ansari* at \*4.

This Court found it harmful that "there is no way to know whether the jurors all believed one of the assaults occurred or whether some believed one occurred and some believed another occurred." *Id.*

However, the 2 Justice Panel reviewing Appellant's case concluded that it was harmless when each juror was explicitly told they only had to believe Appellant killed two victims—any two.

The standard for the harm analysis is different in the two cases. However, the Court pointed out that it was still required to find "actual, rather than merely theoretical, harm from the error." *Id .at \*3. (*quoting *Warner v. State,* 245 S.W.3d 458, 462 (Tex. Crim. App. 2008)).

### *Extraordinary circumstances*

This Court should reconsider Appellant's case en banc because it concerns an

issue that goes directly to a defendant's fundamental rights, only 2 Justices participated in the case on remand, the use of the "law of the case" doctrine is questionable, and this case is exceedingly complicated and a more reliable finding will be reached with evaluations of the records from multiple justices.

***And then there were two***

Appellant was denied her right to a unanimous verdict because of a flawed jury charge. However, upon initial review, a Panel of 3 Justices did not believe there was an error with the charge[3]. The Court of Criminal Appeals remanded the case in order for this Court, presumably by the same Panel of 3 Justices, to conduct a harm analysis. However, the Chief Justice had retired by the time the case was remanded and only 2 Justices participated in the case.

> Although both the jury charge and argument of counsel weigh in favor of egregious harm, we conclude the state of the evidence and the record as a whole substantially support a finding of guilt with regard to each of the five capital murder victims. Accordingly, we hold the record does not establish egregious harm, and we affirm the trial court's judgment.

*Saenz v. State*, No. 04-12-00238-CR, 2015 WL 5037969, at *1 (Tex. App. Aug. 26, 2015)(not designated for publication).

---

[3] The first time Ms. Saenz case was before this Court, the Panel consisted of Chief Justice Catherine Stone, The Honorable Marialyn Barnard and The Honorable Patricia O. Alvarez. *Saenz v. State*, 421 S.W.3d 725, 733 (Tex. App.—San Antonio), *petition for discretionary review granted* (May 14, 2014), *vacated,* 451 S.W.3d 388 (Tex. Crim. App. 2014), *reh'g denied* (Jan. 28, 2015).

4

Two of the factors supported a finding of egregious harm, so the Court looked to "'the state of the evidence' and "'all other relevant information in the record remaining cognizant this case was highly circumstantial.'" *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985).

Despite the initial and repeated assertion that 2 of the factors "weighed in favor of egregious harm," the incomplete Panel reviewed the record in such a way that the violation of Appellant's right was determined to be harmless.

The 2 Justices' recitation of the evidence is incomplete. The Court made it very clear that much of the evidence was circumstantial, yet it only seems to consider the State's version of the circumstances.

The Panel argued that "the rule of the case" doctrine allowed it to proceed with its analysis as if Appellant agreed with any factual and legal determination in its previous (3 Justice Panel) opinion if that determination was not disputed in her Petition for Discretionary Review.

That doctrine applies where there has been a legal determination by a court of last resort. *Robison v. State*, 888 S.W.2d 473, 485 (Tex. Crim. App. 1994); *Granviel v. State*, 723 S.W.2d 141, 147 (Tex. Crim. App. 1986).

A remand to a court of appeals is not a "subsequent appeal" and the law of the case doctrine is inapplicable. *Carroll v. State*, 101 S.W.3d 454, 461 (Tex. Crim.

5

App. 2003). The Panel incorrectly applied this doctrine when evaluating the record as a whole and found that the error was harmless:

> Although Saenz argues this is a question of highly contested evidence like in *Ngo*, we disagree. The evidence adduced at trial, and this court's analysis thereof and conclusions therefrom were not contested by Saenz in the petition for discretionary review she filed with the Court of Criminal Appeals.

> Reconsideration by the entire Court would enable all of the Justices to discuss and examine the case to determine the proper basis for analyzing harm.

### *Flawed doctrine, flawed decision*

Because of this mistaken reliance on the "law of the case" doctrine, the Panel found that, although the error that had been "emphasized" and the argument weighed "in favor of egregious harm," the more nebulous and subjective factors in the standard were determinative.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Ms. Saenz respectfully requests

that this Court, sitting en banc, withdraw the Panel Opinion, and find that the denial

of Ms. Saenz' right to a unanimous verdict was harmful.

Respectfully submitted,

*Robert A. Morrow*
ROBERT A. MORROW
SBN: 14542600
24 Waterway Ave., Suite 660
The Woodlands, Texas 77380
Tel. 281-379-6901
Fax 281-813-0321

Heather M. Lytle
SBN: 24046487
202 Travis Street, Suite 300
Houston, Texas 77002
Tel. 713-204-7060

Amy D. Martin
SBN: 24041402
202 Travis Street, Suite 300
Houston, Texas 77002
Tel. 713-320-3525

ATTORNEYS FOR APPELLANT
KIMBERLY CLARK SAENZ

## CERTIFICATE OF COMPLIANCE

I certify that this Motion for En Banc Reconsideration complies with Texas Rule of Appellate Procedure 9.4. It was prepared in 14-point Times New Roman font. In its entirety, it contains 1,952 words.

ROBERT A. MORROW

## CERTIFICATE OF SERVICE

This is to certify that on the September 8, 2015, a true and correct copy of the foregoing instrument was served upon counsel for the State electronic service.

ROBERT A. MORROW