

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0148-23

### JAMES EARNEST FLOYD, JR., Appellant

### v.

### THE STATE OF TEXAS

**ON THE COURT'S OWN MOTION FOR DISCRETIONARY REVIEW
FROM THE SECOND COURT OF APPEALS
TARRANT COUNTY**

**WALKER, J.** filed a dissenting opinion.

## D I S S E N T I N G O P I N I O N

The issue is whether aggravated robbery by threat is a separate offense from bodily-injury aggravated robbery or whether they are simply the manner and means by which one of the elements of a general aggravated robbery offense is accomplished. Because they are separate offenses, I respectfully dissent from the majority.

## I.   JURY CHARGE ERROR EXISTED

### A.  LAW

Pursuant to Texas law, a unanimous jury verdict is required in all criminal cases. *Saenz v. State*, 451 S.W.3d 388, 390 (Tex. Crim. App. 2014); Tex. Code Crim. Proc. Ann. art. 36.29(a) (the verdict "must be concurred in by each juror"). "[T]he jury must unanimously agree about the occurrence of a single criminal offense, but they need not be unanimous about the specific manner and means of how that offense was committed." *Young v. State*, 341 S.W.3d 417, 422 (Tex. Crim. App. 2011). In other words, the jury must unanimously agree on "each specific violation . . . that it found the defendant had committed." *Ngo*, 175 S.W.3d at 747; *see Richardson v. United States*, 526 U.S. 813, 817 (1999) (holding that "a disagreement about means—would not matter as long as all 12 jurors unanimously concluded that the Government had proved the necessary related element").

To clarify what requires jury unanimity, this Court distinguished three categories of criminal offenses: (1) result of conduct offenses, (2) nature of conduct offenses, and (3) circumstances of conduct offenses:

> First, "result of conduct" offenses concern the product of certain conduct. For example, murder is a "result of conduct" offense because it punishes the intentional killing of another regardless of the specific manner (e.g., shooting, stabbing, suffocating) of causing the person's death. Thus, the death of one victim may result in only one murder conviction, regardless of how the actor accomplished the result. With the second category, "nature of conduct" offenses, it is the act or conduct that is punished, regardless of any result that might occur. The most common illustration of this second category is that of many sex offenses, where the act itself is the gravamen of the offense. Finally, "circumstances of conduct" offenses prohibit otherwise innocent behavior that becomes criminal only under specific circumstances.

*Young*, 341 S.W.3d at 423. As a general rule, the statutory language determines what category of crime the offense falls under. *Id*. "A 'result of conduct' offense generally requires a direct object

for the verb to act upon." *Id*. For example, in the murder statute, "'causes' is the verb, and 'death'—the result—is the direct object." *Id*. at 423–24.

In *O'Brien*, this Court explained how unanimity applies to each category of offense. *O'Brien v. State*, 544 S.W.3d 376, 383 (Tex. Crim. App. 2018). First, if a crime is categorized as "a result of the conduct offense," then "the jury must be unanimous about the specific result required by the statute." *Id*. Second, if a crime is categorized as a "nature of the conduct offense," then "the jury must be unanimous about the specific criminal act committed." *Id*. Third, if the offense is categorized as a "circumstances surrounding the conduct offense," then the jury must be unanimous about "the existence of the particular circumstance of the offense." *Id*.

## B. APPLICATION

### (1) The Two Offenses at Issue are Categorized as Different Offense Types.

Section 29.03(a) of the Texas Penal Code defines the crime of aggravated robbery as "[a] person commits an offense *if he commits robbery as defined in Section 29.02*[.]" Tex. Pen. Code Ann. § 29.03(a) (emphasis added). Therefore, in order to analyze aggravated robbery, this Court first needs to examine the statute defining robbery. Section 29.02(a) defines the crime of robbery as "in the course of committing theft . . . and with intent to obtain or maintain control of the property" the perpetrator (1) "intentionally, knowingly or recklessly causes bodily injury to another" or (2) "intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." *Id*.

Aggravated bodily-injury robbery is a result-oriented offense because it focuses on bodily injury, regardless of the act. Consequently, in order for the defendant to be convicted, the jury is required to unanimously agree that the defendant caused bodily injury to the victim. *See O'Brien*, 544 S.W.3d at 383. On the other hand, aggravated threat-robbery is a conduct-oriented offense,

because it "focus[es] upon the act of making a threat, regardless of any result that threat might cause." *See Landrian v. State*, 268 S.W.3d 532, 536 (Tex. Crim. App. 2008) (distinguishing bodily injury assault from threat assault). Accordingly, each type of offense requires that the jury come to a unanimous decision about a different aspect–either the defendant caused injury to the victim, or the defendant threatened the victim. Hence, the two different kinds of offenses are not interchangeable, and the jury must come to a unanimous decision about which one, if any, the State proved beyond a reasonable doubt in order to convict the defendant.

**(2) *Cooper* Does Not Support the Majority's Opinion.**

But the majority, heavily relying on *Cooper*, holds that aggravated robbery by threat and bodily-injury aggravated robbery are the same offense because a conviction of both violates the double jeopardy clause. *Cooper v. State*, 430 S.W.3d 426 (Tex. Crim. App. 2014). However, *Cooper* does not support this conclusion because, as the majority emphasizes, the *Cooper* Court provided no discussion or analysis for its conclusion. Majority op. at 6. *Cooper* simply stated that two separate convictions of aggravated robbery violated double jeopardy, but this Court did not address jury unanimity. *Cooper*, 430 S.W.3d at 427. An answer to a double jeopardy question is not a conclusive answer to a jury unanimity question.

**(3) Bodily-Injury Robbery and Threat-Robbery have Different Gravamina.**

As the majority notes, the first step to answering a jury unanimity question is determining whether the Legislature intended to create multiple offenses or a single offense with alternate modes of commission. Majority op. at 8 (citing *Jefferson v. State*, 189 S.W.3d 305, 312 (Tex. Crim. App. 2006)). Further, the majority acknowledges that "[t]his Court has held that the focus or 'gravamen' of a penal provision should be regarded as the 'best indicator' when it comes to determining whether the Legislature intended to define more than one offense." Majority op. at 8

(citing *Huffman v. State*, 267 S.W.3d 902, 907 (Tex. Crim App. 2008) and *Jourdan v. State*, 428 S.W.3d 86, 95–96 (Tex. Crim. App. 2014)).

But while the majority recites those basic principles, it nevertheless veers away from the "best indicator" and instead focuses on the non-conclusive connections between jury unanimity and double jeopardy questions. I am more persuaded to stick with whether the Legislature intended to create multiple offenses based on the gravamina of the statute. Because the gravamen of the offense is the "best indicator" of Legislative intent, this Court should find that the Legislature intended to create two separate offenses under § 29.02: (1) robbery by causing bodily injury, and (2) robbery by threat. Tex. Pen. Code Ann. § 29.02(a).

**(4) Bodily-Injury Offenses v. Threat-Based Offenses**

Offenses based on bodily-injury are distinct from threat-based offenses. In *Landrian*, this Court decided a jury unanimity question regarding only bodily-injury offenses. *Landrian*, 268 S.W.3d 532. Even though, here, this Court is tasked with analyzing a bodily-injury offense and a threat-based offense, this Court's analysis in *Landrian* is important to this case because it illustrates why the distinguishable offenses warrant a different conclusion.

In *Landrian*, the defendant threw a glass bottle at the victim, causing the victim to lose his left eye. *Id*. at 533. The defendant was charged with aggravated assault by either "(1) intentionally or knowingly causing bodily injury by using a deadly weapon, a bottle, or (2) recklessly causing serious bodily injury by throwing a bottle in his direction." *Id*. The jury charge was disjunctive and did not require the jury to "reach a unanimous verdict on whether [Landrian] intentionally or knowingly *caused bodily injury* by using the bottle as a deadly weapon or whether he recklessly *caused serious bodily injury* by throwing the bottle in [the victim's] direction." *Id*. (emphasis added).

There, the Court held that a jury did not have to be unanimous when deciding if the defendant committed aggravated assault by either (1) serious *bodily injury* or (2) causing *a bodily injury* using a deadly weapon. *Id*. at 541–42. To be clear, there was not a question of aggravated assault by *threat* with a deadly weapon. The Court's reasoning was that "[t]he gravamen of this result-oriented offense is 'causing bodily injury.' *Id*. at 533. In other words, bodily-injury aggravated assault is proven by the same facts whether the injury was serious or caused by a deadly weapon. "Thus, both statutory aggravators of simple assault involve the use of a deadly weapon, either because a serious bodily injury is necessarily caused by a deadly weapon or because a deadly weapon is explicitly pled in the indictment." *Id*. at 538. Consequently, the jury did not have to agree whether the bodily injury was (1) serious or (2) caused by a deadly weapon, because both answers would result in the jury agreeing that there was *bodily injury* caused by a deadly weapon.

In contrast, here, Floyd was charged under § 29.03 with aggravated robbery by either (1) threatening or placing the complainant in fear of imminent bodily injury or death (robbery by threat) and using or exhibiting a deadly weapon (aggravating factor), or (2) causing bodily injury to the complainant (injury robbery) and using or exhibiting a deadly weapon (aggravating factor). The only overlap between the first two offenses is that a deadly weapon was used. However, the offenses, either (1) threatening the complainant or (2) injuring the complainant, are completely different because they have different gravamina. As a result, unlike *Landrian*, the jury does have to be unanimous when deciding if the defendant committed aggravated robbery by either threating the complainant or injuring the complainant.

**(5) This Court has Held that the Assault Statute Describes Three Separate and Distinct Criminal Offenses, and the Offense of Robbery is Defined as an Assault that Took Place During a Theft.**

Additionally, *Landrian* controls this case because the definition of assault (the offense at issue in *Landrian*) is relevant to the definition of robbery (the offense at issue here). In *Landrian* this Court explained that the assault statute defines three separate and distinct offenses.

> "[Landrian] begins by correctly noting that the statutory definition of simple assault sets out three distinct criminal offenses under Section 22.01(a)(1)–(3). These are "bodily injury" assault, assault by threat, and "offensive contact" assault. So far, so good. But he then contends that "adding the aggravating elements to the simple assault statute" creates "several different combinations" and "a variety of different ways of having an aggravated assault." That is true only if the underlying simple assault is pled as both "bodily injury" assault and assault by threat. In *Marinos v. State*,[1] *Dolkart v. State*,[2] and *Gonzales v. State*,[3] three different courts of appeals properly held that simple *"bodily injury" assault is a separate and distinct crime from simple assault by threat.* Thus, aggravated assault under each distinct assaultive crime is a separate crime: aggravated assault with the underlying crime of assault by causing bodily injury and aggravated assault with the underlying crime of assault by threat. The first is a result-oriented offense and the second is a conduct-oriented offense.
>
> But once the underlying type of assault is defined, then either of the aggravating factors set out under Section 22.02(a) may elevate that distinct assaultive crime to a second-degree felony. The aggravating factors or elements are simply the way in which the simple assault becomes a more serious offense."

*Landrian*, 268 S.W.3d at 540 (emphasis added). *Landrian* illustrates that this Court has previously confirmed that bodily injury assault "is a separate and distinct crime from simple assault by threat." *Id*. This distinction is vital to our analysis because the offense of robbery is essentially composed of an individual who commits an assault in the course of a theft. In other words, robbery = theft + assault.

---

[1] *Marinos v. State*, 186 S.W.3d 167, 174–75 (Tex. App.—Austin 2006, pet. ref'd).
[2] *Dolkart v. State*, 197 S.W.3d 887, 893 (Tex. App.—Dallas 2006, pet. ref'd).
[3] *Gonzales v. State* 191 S.W.3d 741, 748–49 (Tex. App.—Waco 2006, pet. ref'd).

Section 22.01(a) defines assault as:

> (a) A person commits an offense if the person:
> (1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse;
> (2) intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or
> (3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

Tex. Pen. Code Ann. § 22.01(a). Turning again to the robbery statute, § 29.02(a) says:

> (a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he:
> (1) intentionally, knowingly, or recklessly causes bodily injury to another; or
> (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

Tex. Pen. Code Ann. § 29.02(a). Subsections one and two of the assault statute, which create two separate offenses, are nearly identical to subsections one and two of the robbery statute. In order for this Court to follow its own precedent, the Court must hold that the robbery statute also defines two separate and distinct offenses. The significance of the statute creating multiple offenses is that a jury must be unanimous in deciding what specific criminal offense occurred, but that unanimity was not present here.

**(6) The Implication of the Majority's Decision Results in Permitting Jurors to Violate § 36.29, Which Requires Jury Unanimity.**

Section 36.29(a) of the Texas Code of Criminal Procedure requires that every juror concurs in the verdict. Tex. Code Crim. Proc. Ann. art. 36.29(a). Nevertheless, the implication of the majority's decision would be to allow the jury to disagree about which offense they believe occurred, either (1) injury-robbery or (2) threat-robbery. Essentially, the jury would be allowed to disagree on whether the State proved assault through evidence of bodily injury or whether the State

proved assault by evidence of threat. Because these are two separate offenses, the jury must be unanimous about which one the State proved occurred.

## II.    CONCLUSION

Under § 29.02(a), threat-robbery and bodily-injury robbery are separate offenses. As a result, the jury charge should have required the jury to be unanimous as to whether appellant was guilty of aggravated threat-robbery or aggravated bodily-injury robbery. The charge was erroneous, and for that reason I would reverse and remand to the court appeals to consider whether the harm was sufficient to warrant reversal of Appellant's conviction.[4]

Filed: November 13, 2024

Publish

---

[4] The Court "review[s] alleged charge error by considering two questions: (1) whether error existed in the charge; and (2) whether sufficient harm resulted from the error to compel reversal." *Ngo v. State*, 175 S.W.3d 738, 744 (Tex. Crim. App. 2005).