

# IN THE COURT OF CRIMINAL APPEALS
## OF TEXAS

### NO. AP-76,481

### EX PARTE KENNETH GLENN MILNER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2405 IN THE 100TH JUDICIAL DISTRICT COURT
### FROM CARSON COUNTY

JOHNSON, J., delivered the opinion of the Court in which MEYERS, PRICE, KEASLER, HERVEY, COCHRAN, and ALCALÁ, JJ., joined. KELLER, P.J., filed a dissenting opinion in which WOMACK, J., joined.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant plead guilty to two counts of attempted capital murder and one count of murder. The trial court imposed separate and cumulative life sentences for each conviction. Applicant did not appeal.

In a subsequent writ of habeas corpus, applicant's murder conviction was determined to be

barred by double jeopardy.[1]  He now contends that he can be guilty of only one of the two alleged

attempted capital murders because the second conviction violates the Double Jeopardy Clause of the

Fifth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States

Constitution.  The trial court entered findings of fact and conclusions of law on a previous

application for writ of habeas corpus that challenged the same capital-murder conviction, but did not

hold a hearing or enter findings for the current application.  We filed and set this writ application for

submission to determine:

> 1) whether applicant is actually innocent of having twice violated the applicable penal code statute because of a violation of the Double Jeopardy protection and guarantee of the United States Constitution, and therefore, absent a violation of the Constitution, no rational juror could have found applicant guilty beyond a reasonable doubt of having twice violated the applicable penal code statute; and
>
> 2) whether the legal basis for applicant's double-jeopardy claim was available to applicant in his three previous writ applications;[2] and
>
> 3) whether the provisions of art. 11.07, § 4, as applied to this particular case, are unconstitutional.

After review, we sustain the first ground and do not reach the second and third grounds and

hold that applicant's conviction for attempted capital murder in Cause No. 2405 violates the Double

Jeopardy Clause of the Fifth Amendment of the United States Constitution.  Applicant has proven

that he is actually innocent of the second conviction for attempted capital murder, and that, but for

---

[1] On February 17, 2000, the United States Court of Appeals for the Fifth Circuit vacated applicant's murder conviction in Cause No. 2379, holding that the conviction violated the Fifth Amendment's Double Jeopardy Clause, as interpreted in *United States v. Dixon*, because the murder was the aggravating element in Cause Nos. 2404 and 2405.  The federal court also held that the double-jeopardy violation was not waived by applicant's guilty plea. *Milner v. Johnson*, No. 99-10461 (5th Cir. 2000).  Because the federal court has already vacated part of the plea agreement, nothing we do here can undo the original plea agreement and place the parties in the position they were in before pleas were entered.

[2] Although applicant concedes three prior applications, the records of this Court indicate that he has filed five previous applications.

a violation of the United States Constitution, no rational juror could have found him guilty beyond a reasonable doubt.  Therefore, we grant relief.

## Procedural History

In Cause No. 2379, applicant was indicted for one count of murder (Count 3)[3] that alleged that applicant knowingly and intentionally caused the death of Frankie Garcia by shooting him with a firearm.  In Cause No. 2404, applicant was indicted for attempted capital murder, alleging that he attempted to murder Jimmy Britten and that, in the same scheme and course of conduct, applicant caused the death of Frankie Garcia.  In Cause No. 2405, applicant was indicted for attempted capital murder, alleging that he attempted to murder Kenneth Williams and, in the same scheme and course of conduct, applicant caused the death of Frankie Garcia.

Pursuant to a plea bargain, applicant plead guilty to the attempted capital murders in Cause Nos. 2404 and 2405 and to murder (Count 3) in Cause No. 2379 and was assessed consecutive life sentences in each cause.  The three pleas were entered in separate proceedings conducted consecutively on the same day.  Applicant did not appeal his convictions.

Applicant filed the current application, his sixth, in the trial court on December 1, 2010.  It was transmitted to this Court on January 3, 2011, and set for submission on January 26, 2011.  In this application, applicant raises a double-jeopardy claim, arguing that, in Cause No. 2405, he was subjected to a second prosecution for a single violation of the same penal statute (attempted capital murder) and consequently assessed two separate and cumulative terms of imprisonment for the same offense.  Applicant contends that this is contrary to the legislative intent for this offense and that,

---

[3] This indictment also included two counts of capital murder (Counts 1 and 2), but the state dismissed count 1, and the trial court quashed count 2.  Counts 1 and 2 alleged that applicant committed capital murder by killing Frankie Garcia in the course of committing or attempting to commit kidnapping and burglary.

instead of applying the proper standard of review for applicant's initial double-jeopardy claim—"allowable units of prosecution"[4]—the habeas court incorrectly applied the *Blockburger*[5] "same-elements" test, which does not apply in cases that charge two violations of the same statutory provision.

### This Court's Authority to Consider Applicant's Subsequent Writ

Applicant argues that, although this is a subsequent application for writ of habeas corpus, it should not be procedurally barred by Texas Code Criminal Procedure art. 11.07, § 4, because the legal basis for relief was not yet recognized by this Court when the previously considered habeas applications were filed. He alternatively challenges the constitutionality of that article if we determine that it precludes consideration of this subsequent writ. We need not reach these questions because we conclude that applicant has shown that this court has jurisdiction to consider his subsequent writ on the basis of evidence that he is actually innocent of the offense.

Article 11.07, § 4(a) states that

(a) If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:

(1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous claim; or

(2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty

---

[4] *Sanabria v. United States*, 437 U.S. 54, 69-70 (1978); *Ex parte Hawkins*, 6 S.W.3d 554, 556 (Tex. Crim. App. 1999).

[5] *Blockburger v. United States*, 284 U.S. 299 (1932).

beyond a reasonable doubt.

This Court has recognized that, even if an application does not meet the requirements of § 4(a)(1), a subsequent application for writ of habeas corpus may overcome the procedural bar of art. 11.07, § 4, if an applicant can show a constitutional violation that fulfills the requirements of § 4(a)(2).[6]  In order to show that the constitutional violation satisfies the requirements of subsection (a)(2), an applicant must accompany the constitutional-violation claim with a *prima facie* claim of actual innocence.[7]  In cases claiming double-jeopardy violations, an applicant may prove actual innocence by providing facts sufficient to establish by a preponderance of the evidence that, but for a double-jeopardy violation, no rational juror could have found the applicant guilty of the challenged offense beyond a reasonable doubt.[8]  As we explain in detail below, applicant has established that his conviction in Cause No. 2405 is barred by double jeopardy in light of his conviction in Cause No. 2404.  Because he has shown that no rational juror could have found him guilty of both offenses without violating the federal constitutional prohibition against double jeopardy, applicant has made a prima facie case that, but for a violation of the United States Constitution, no rational juror could have found the applicant guilty beyond a reasonable doubt.  Therefore, this subsequent writ meets the jurisdictional requirements in art. 11.07, § 4(a)(2).

### Standard of Review

The protections afforded by the Double Jeopardy Clause of the Fifth Amendment were

---

[6] *Ex parte Knipp*, 236 S.W.3d 214 (Tex. Crim. App. 2007)(a meritorious double-jeopardy claim in a subsequent writ, along with a prima facie showing of actual innocence, overcomes a §4(a)(1) procedural bar).

[7] *Ex parte Brooks*, 219 S.W.3d 396, 398-401 (Tex. Crim. App. 2007).

[8] *See Knipp*, 236 S.W.3d at 217.

extended to state criminal prosecutions through the Due Process Clause of the Fourteenth Amendment.[9] The Double Jeopardy Clause protects criminal defendants from three things: 1) a second prosecution for the same offense after acquittal; 2) a second prosecution for the same offense after conviction; and 3) multiple punishments for the same offense.[10] When a double-jeopardy violation has occurred, a writ of habeas corpus is a proper venue through which to challenge the error.[11] Here, applicant claims that his second conviction for Cause No. 2405 violates both the second and third protections; he was convicted in two separate criminal trials for a single violation of the same penal statute and was assessed two separate and cumulative terms of life imprisonment.[12] Applicant asserts that the two convictions offend the prohibition against convicting a defendant "of more offenses than the legislature intended."

This Court must determine whether applicant's acts constitute a single violation of the charged offense or two separate violations of the same criminal statute. The protection against double jeopardy does not apply to separate and distinct offenses that occur during the same transaction.[13] If a criminal act involves separate victims and distinct offenses—rather than multiple victims for a single offense—separate prosecutions are not barred.[14]

---

[9] *Benton v. Maryland*, 395 U.S. 784, 794 (1969); *Haight v. State*, 137 S.W.3d 48, 49 n.1 (Tex. Crim. App. 2004).

[10] *Brown v. Ohio*, 432 U.S. 161, 164-65 (1977).

[11] *Ex parte Evans,* 530 S.W.2d 589, 591 (Tex. Crim. App. 1975).

[12] *Saenz v. State*, 166 S.W.3d 270, 272 (Tex. Crim. App. 2005)(*quoting Ex parte Ervin*, 991 S.W.2d 804, 807 (Tex. Crim. App. 1999)).

[13] *Spradling v. State*, 773 S.W.2d 553, 556 (Tex. Crim. App. 1989).

[14] *Id.*

In order to determine if the Double Jeopardy Clause's prohibition against multiple punishments for the same offense has been violated, we assess whether a defendant "is convicted of more offenses than the legislature intended."[15] To determine if the legislature intended to treat applicant's acts as a single offense or multiple offenses, we must ascertain the "allowable unit of prosecution" from the statutory text and any available legislative history.[16] Any ambiguity will be resolved in favor of lenity.[17]

### Analysis

In Cause Nos. 2404 and 2405, applicant was convicted of attempted capital murder under Texas Penal Code §§ 15.01 (criminal attempt) and 19.03(a)(7)(B) (capital murder). A plain reading of the capital-murder statute shows that, in order to be convicted pursuant to section 19.03(a)(7)(B), a defendant must commit both a murder under Texas Penal Code § 19.02(b)(1) and at least one additional murder during different criminal transactions, but pursuant to the same scheme or course of conduct. Similarly, a charge of capital murder pursuant to section 19.03(a)(7)(A) requires multiple homicides in the same criminal transaction.[18] Therefore, in order to be convicted of capital murder under section 19.03(a)(7), a defendant must kill "more than one person."[19] While all other cases of capital murder allow for a prosecution for each individual victim, these two provisions of

---

[15] *Ex parte Ervin*, 991 S.W.2d 804, 807 (Tex. Crim. App. 1999); *see Ball v. United States*, 470 U.S. 856, 861 (1985).

[16] *See Sanabria*, 437 U.S. at 57; *Ex parte Hawkins*, 6 S.W.3d at 556.

[17] *Bell v. United States*, 349 U.S. 81, 83 (1955).

[18] *Saenz*, 166 S.W.3d at 272-73.

[19] TEX. PENAL CODE § 19.03(a)(7).

the capital-murder statute require a minimum of two victims.[20]

In *Saenz*, appellant was charged with and convicted of three counts of capital murder under Texas Penal Code § 19.03(a)(7)(A). Saenz shot and killed three people during a single transaction. Each count alleged a different victim and each count alleged the murder of the two other victims as aggravating circumstances.[21] On direct appeal, appellant argued that his multiple convictions violated the double-jeopardy prohibition against multiple punishments for the same offense. The court of appeals agreed and rendered judgments of acquittal for two of his convictions. This Court affirmed the court of appeals and noted that the aggravating circumstance that raises the murder charge to capital murder under section 19.03(a)(7)(A) is killing "more than one person during the same criminal transaction."[22] We examined the legislative history of this portion of the capital murder statute and noted that legislators "understood the statute to allow for a single capital murder when the allowable unit of prosecution of 'more than one' murder was met."[23] We concluded that the allowable unit of prosecution for capital murder under section 19.03(a)(7)(A) is the killing of two or more persons. We held that only one of Saenz's capital-murder convictions could be sustained because two murders had to be shown to establish capital murder under section 19.03(a)(7)(A); the State could not use the same three murders to establish three capital-murder convictions.[24]

The state argues that *Saenz* was specifically tailored to section 19.03(a)(7)(A) (multiple

---

[20] *Id.*

[21] *Saenz*, 166 S.W.3d at 271.

[22] *Id*. at 273.

[23] *Id*.

[24] *Id*.

murders during same transaction) and notes a difference between that section and section 19.03(a)(7)(B) (multiple murders as part of a continuing scheme or course of conduct); like other assault offenses, the allowable unit of prosecution for subsection (B) is *each* individual victim. We fail to find the differentiation in *Saenz* to which the state refers. The only mention of section 19.03(a)(7)(B) in *Saenz* notes the similarity between the two subsections: unlike all other capital murders, which require only one victim, both of these two capital-murder subsections require at least two murders to constitute a single offense. We stated, "With the exception of . . . Section 19.03(a)(7)(B) (multiple murders committed during different transactions but as part of the same course of conduct), . . ., all other cases in which capital murder may be charged . . . all may apply in situations where only one victim has been killed."[25] The aggravating element of section 19.03(a)(7)(B) is "more than one person during different criminal transactions but . . . committed pursuant to the same scheme or course of conduct."[26] Thus, for capital murder under Section 19.03(a)(7)(B), the state must allege that at least two murders were committed: an intentional murder under section 19.02(b)(1) and *at least* one additional murder as the aggravating circumstance.[27] Because the killing of at least two people allows the state to charge a single count of capital murder under section 19.03(a)(7)(B), the allowable unit of prosecution for this statute is not each individual, but the killing of more than one individual. The state argues that the attempted murders in Cause Nos. 2404 and 2405—unlike completed murders—were assaultive in nature. It contends that,

---

[25] *Saenz*, 166 S.W.3d at 272-73.

[26] TEX. PENAL CODE §19.03(a)(7)(B); *see Saenz*, 166 S.W.3d at 273.

[27] *See id.*

therefore, the allowable unit of prosecution should be the same as other assault offenses.[28]

The state chose to charge applicant with attempted capital murder under sections 19.03(a)(7)(B) and 15.01. The statutory text for criminal attempt, Texas Penal Code § 15.01, states that

> (a) A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended.

> (b) If a person attempts an offense that may be aggravated, his conduct constitutes an attempt to commit the aggravated offense if an element that aggravates the offense accompanies the attempt.

The text of the criminal-attempt statute does not define an allowable unit of prosecution, nor does it change the allowable unit of prosecution of the offense attempted. Given that a criminal attempt to commit an offense is simply an act amounting to more than mere preparation of the intended offense, we find that criminal-attempt offenses acquire their allowable unit of prosecution from the offense attempted.[29] The fact that several federal statutes, which make it a crime to commit *or attempt to commit* a certain offense, have the same allowable unit of prosecution for the attempted and completed offense is indicative of this principle.[30]

---

[28] We note that murder is an assault that results in death. TEX. PENAL CODE § 19.01(a) ("A person commits criminal homicide if he intentionally, knowingly recklessly, or with criminal negligence causes the death of an individual"; TEX. PENAL CODE § 19.01(b) ("Criminal homicide is murder, . . ..").

[29] *See*, *e.g.*, *Cantu v. State*, No. 13-04-490-CR, 2006 Tex. App. LEXIS 10906, *32-33 (Tex. App.—Corpus Christi-Edinburg Dec. 21, 2006, pet. ref'd) (mem. op.) (as the "unit of prosecution" for capital murder under section 19.03(a)(7)(A) is the murder of more than one person during the same criminal transaction, the "unit of prosecution" for attempted capital murder falling under the same statute is the attempt to murder more than one person during the same criminal transaction).

[30] *See, e.g.*, *United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010) (allowable unit of prosecution for 18 U.S.C. §1344, which punishes "[w]hoever knowingly executes, or attempts to execute, a scheme or artifice . . . to defraud a financial institution," is the overarching scheme rather than the individual steps taken); *see also United States v. Dixon*, 273 F.3d 636, 642 (5th Cir. 2001) (allowable unit of prosecution for 18 U.S.C. §2111, which punishes "whoever, within the special maritime and territorial jurisdiction of the United States, by force and

As this Court explained in *Corwin*, sections 19.03(a)(7)(A) and (B) were drafted, presented, and entered into the Texas Penal Code together as means to seek the death penalty against mass murderers.[31] As originally drafted, as of November 12, 1984, Texas House Bill 8 (HB 8) did not differentiate between the two subsections and simply made it a capital offense to murder more than one person regardless of whether the killings occurred in the same criminal episode.[32] The sponsors of the bill made it clear at the public hearing of the House Committee on Criminal Jurisprudence[33] that, as revised, subsection (A) was meant to enable the state to seek the death penalty against mass murderers, such as terrorist attacks or the killing of a number of people at once, while subsection (B) was meant to do the same for serial murderers.[34] Based on statutory construction and legislative intent, we conclude that the allowable unit of prosecution for attempted capital murder under sections 19.03(a)(7)(B) and 15.01 is the attempted murders of "more than one person" in the same scheme or course of conduct, and the attempted killing of more than one person allows the state to charge a single count of attempted capital murder.[35] The habeas judge entered findings of fact and

---

violence, or by intimidation, takes or attempts to take from the person or presence of another anything of value, . . .," is the taking or the attempted taking from the person).

[31] *Corwin v. State*, 870 S.W.2d 23, 27-28 (Tex. Crim. App. 1993). The statute was initially entered into the Texas Penal Code as subsection 19.03(a)(6), and later renumbered as subsection 19.03(a)(7); *see also Saenz*, 166 S.W.3d at 273 ("H.B. 8 was the legislative response to the State's inability to seek the death penalty as punishment for the concomitant murders of six Dallas nightclub patrons by Abdelkrim Belachheb.").

[32] *Corwin*, 870 S.W.2d at 28 n.4.

[33] *Id.* at 28 n.5; *see also* Hearing on Tex. H.B. 8 before the House Crim. Jur. Comm., 69th Leg., R.S. (Feb. 11, 1985); *see also* Debate on H.B. 8 on the Floor of the House of Representatives, 69th Leg., R.S. (March 11, 1985).

[34] *Id.* at 28 n.5.

[35] Because here only three complainants were alleged by the state, as was true in *Saenz*, we do not reach the issue of whether the state may obtain two valid convictions if it alleges at least four complainants.

conclusions of law.[36]

Finding of Fact V.

On January 11, 1991, in three separate trials before the court, the defendant plead guilty to each of three respective charges having duly executed judicial confessions in each of the three separate incidents. . . .

Conclusion of Law I.

Applicant was not convicted of three separate trials and assessed separate punishments for the same criminal act. All three convictions were based on separate and distinct facts and each conviction stands on its own merit. While they were all a part of one continuing scheme and course of conduct[,] each of the three separate acts, the basis of the respective convictions, were unique in that each contain elements which are not necessary to prove the other offenses. While they are continuing in scheme, each said crime is separate, distinct, and has unique elements necessary to prove it, which are not necessary to prove the other two respective offenses.

It is clear from the indictments, the convictions, and the trial court's findings of fact and conclusions of law that all three charged offenses were committed pursuant to the same scheme and course of conduct and that Cause Nos. 2404 and 2405 each alleged a criminal offense under Texas Penal Code §§ 19.03(a)(7)(B) and 15.01(b). In stating that "each of the three separate acts, . . ., were unique in that each contain elements which are not necessary to prove the other offenses," the habeas judge incorrectly analyzed applicant's double-jeopardy claim by applying the *Blockburger* "same-elements" test rather than the *Sanabria/Hawkins* "allowable unit of prosecution."

As in *Saenz,* applicant's two convictions for attempted capital murder resulted from allegations involving the same three victims.[37] The victim, Frankie Garcia, was included as a victim

---

[36] These findings and conclusions were made with regard to a previous application for a writ of habeas corpus that challenged these convictions in 1992. In 1999, the Texas Attorney General confessed error in the United States Court of Appeals for the Fifth Circuit after the federal district court overturned applicant's conviction for the murder of Frankie Garcia as a violation of double jeopardy.

[37] *Saenz*, 166 S.W.3d at 271.

in both of the attempted capital murder convictions for which applicant was convicted. Because each attempted capital murder conviction under Penal Code §§ 19.03(a)(7)(B) and 15.01(b) requires at least two victims not included as victims in other attempted capital murder provisions under those same penal code sections, only one of these attempted capital murder convictions may be upheld.[38] We find that applicant's conviction in Cause No. 2405 violates double jeopardy.

## Conclusion

Applicant has shown that his conviction and sentencing for a second offense of attempted capital murder violates the Double Jeopardy Clause of the Fifth Amendment and the Due Process Clause of the Fourteenth Amendment. Applicant has also accompanied his meritorious double-jeopardy claim with a *prima facie* showing of actual innocence in Cause No. 2405 and has thereby satisfied his burden under art. 11.07, § 4(a)(2). "On this record, applicant could not be guilty of this offense."[39] Thus, we grant applicant's first and second grounds for relief.

We vacate the judgment of the 100th Judicial District Court of Carson County in Cause No. 2405 and remand the cause to the trial court with instructions to enter a judgment of acquittal.[40] Copies of this opinion shall be sent to the Texas Department of Criminal Justice–correctional institutions division.

---

[38] *Id.*

[39] *Knipp*, 236 S.W.3d at 217.

[40] We reach this result based on the ways in which the state chose to charge applicant. Because both indictments for attempted capital murder named the same decedent, Frankie Garcia, the federal courts overturned the separate conviction for the murder of the decedent. We overturn the conviction in Cause No. 2405 for the same reason. If the state had chosen to allege, for example, a murder and two aggravated assaults with a deadly weapon, a murder and two attempted murders, or an attempted capital murder and an aggravated assault, it could have obtained more than one valid conviction.

Delivered: February 13, 2013
Publish