COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



§

§

EX PARTE: ARMANDO AVALOS.　　§

§

§

§

No. 08-13-00369-CR

Appeal from the

County Court at Law No. 1

of El Paso County, Texas

(TC# 20120C00978)

# **O P I N I O N**

Appellant Armando Avalos appeals the trial court's denial of his writ of habeas corpus. In his sole issue, Appellant contends that because he previously pleaded guilty to stealing certain property found in his truck from one victim, the State is precluded, under the Double Jeopardy Clause, from subsequently prosecuting him for any other separately stolen property discovered during the course of the same arrest. We affirm.

## BACKGROUND

In September 2011, Appellant pleaded guilty to felony theft of property worth more than $1,500 but less than $20,000 in Cause No. 20110D01442. Specifically, Appellant admitted to possessing a computer router and jewelry stolen from Brian Heller. Police found the computer router and jewelry, along with property stolen from other people, in Appellant's truck during a

traffic stop. The trial court sentenced Appellant to nine months in jail. Several months after Appellant's plea, the State then charged Appellant with misdemeanor theft of property worth more than $50 but less than $500, alleging that he possessed computer equipment and jewelry stolen from William Lockhart.[1] Appellant filed for a pretrial writ of habeas corpus, arguing that the instant prosecution violated the Double Jeopardy Clause because he already pleaded guilty to felony charge arising out of the same transaction or occurrence. The trial court denied Appellant relief. He appealed.

## DISCUSSION

In one issue, Appellant argues that this prosecution violates double jeopardy because the misdemeanor offense for which he was charged is a lesser-included offense of the felony theft offense to which he previously pleaded guilty. Appellant also maintains that further prosecution is barred because the stolen property at issue here was part of the same transaction or occurrence as in the previous case. We disagree on both counts.

### *Standard of Review*

We review the facts underlying the trial court's habeas corpus decision "in the light most favorable to the trial judge's ruling and should uphold [that ruling] absent an abuse of discretion." *Ex parte Quintana*, 346 S.W.3d 681, 684 (Tex.App.--El Paso 2009, pet. ref'd). We review *de novo* mixed questions of law and fact that do not hinge on credibility or demeanor determinations. *Ex parte Miller*, No. 08-11-00245-CR, 2012 WL 5949741, at *2 (Tex.App.--El Paso Nov. 28, 2012, no pet.)(not designated for publication).

### *Analysis*

---

[1] In Cause No. 20120C07317, the State indicted Appellant for stealing between $50 and $500 worth of property—specifically, a digital camera—from another person, Reema Singh. That property was also found in the truck during the arrest. Appellant sought pretrial habeas relief in that case as well on identical grounds as this case. The trial court denied relief in that cause number, and Appellant appealed. That case before this Court is Cause No. 08-13-00368-CR.

2

"The Double Jeopardy Clause protects criminal defendants from three things: 1) a second prosecution for the same offense after acquittal; 2) a second prosecution for the same offense after conviction; and 3) multiple punishments for the same offense." *Ex parte Milner*, 394 S.W.3d 502, 506 (Tex.Crim.App. 2013).

At the outset, we note that Appellant's assertion that the misdemeanor theft charge here is a lesser-included offense of felony theft is incorrect under these facts. A person convicted of a crime may not later be subject to prosecution for any of the spectrum of lesser-included offenses whose elements are completely subsumed within the convicted offense. *See Rubio v. State*, No. 08-00-00341-CR, 2002 WL 125732, at \*5 (Tex.App.--El Paso Jan. 31, 2002, no pet.)(not designated for publication)(citing *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932))(recognizing that if each criminal offense requires proof of at least one element that the other does not, the offenses are distinct and prosecution for both is permissible). An offense is a lesser-included offense where *inter alia* "it differs from the offense charged only in the respect that a less serious injury or risk of injury *to the same person, property, or public interest* suffices to establish its commission." [Emphasis added]. TEX.CODE CRIM.PROC.ANN. art. 37.09(2)(West 2006). Although misdemeanor theft would be subsumed within a felony theft as an elemental matter under the *Blockburger* test, by definition, a crime committed against another person and with respect to different property is not a lesser-included offense, but a separate offense. This point is unavailing.

We also note that conviction for one offense does not necessarily preclude prosecution for all offenses that occurred in a single transaction. "The protection against double jeopardy does not apply to separate and distinct offenses that occur during the same transaction." *Ex parte Milner*, 394 S.W.3d 502, 506 (Tex.Crim.App. 2013). Where a defendant is accused of violating

the same statute multiple times, we must determine what the appropriate "unit of prosecution" is as defined by the Legislature to assess preclusion under double jeopardy. *See Garfias v. State*, 424 S.W.3d 54, 59 (Tex.Crim.App. 2014).

Case law conclusively demonstrates that for theft, each victim is an appropriate unit of prosecution, and the State may charge a defendant with separate theft counts where property is stolen from separate victims during a single criminal episode. In *Iglehart v. State*, 837 S.W.2d 122, 124 (Tex.Crim.App. 1992), *overruled on other grounds as recognized by Bailey v. State*, 87 S.W.3d 122, 128-29 (Tex.Crim.App. 2002), the defendant burglarized the home of Robert LaVaye, stealing a pistol and a typewriter from LaVaye and a fur coat and stereo equipment from his daughter Valerie. The State charged Iglehart with misdemeanor theft for taking the items from LaVaye and felony theft for taking the items from Valerie. Iglehart pleaded nolo contendere to the misdemeanor theft charge, then filed for a writ of habeas corpus, arguing that subjecting her to the felony theft prosecution would constitute double jeopardy. *Iglehart*, 837 S.W.3d at 124-25. The Texas Court of Criminal Appeals held that the theft from LaVaye and the theft from Valerie were separate offenses, even though they occurred within one criminal transaction or episode.[2] *Id*. at 127; *see also Rubio*, 2002 WL 125732, at \*5-\*6 (recognizing that *Inglehart* allows for successive theft prosecution where property is stolen from different owners).

This case is indistinguishable from *Iglehart*. Here, Appellant was charged with possession property stolen from one victim (William Lockhart) after pleading guilty to possessing property stolen from Brian Heller. As such, the charged offense is a separate offense,

---

[2] To the extent, Appellant relies on the "same conduct" test articulated in *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990)(forbidding the State from charging a defendant who was convicted of a crime from being subject to later prosecution for other crimes arising out of the same criminal episode if the State is required to re-prove conduct from the first conviction), we note that *Grady* was overruled three years later by *United States v. Dixon*, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). *Dixon* abolished the same conduct test as alternate grounds for relief when a later-charged offense did not fit squarely within *Blockburger*'s elemental framework. *See Bailey*, 87 S.W.3d at 129.

4

and double jeopardy does not stand as a bar to prosecution.

Issue One is overruled. The judgment of the trial court is affirmed.


April 15, 2015

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)