

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-80,939-01, WR-80,939-02, & WR-80,939-03

### EX PARTE ERIC REED MARASCIO, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NOS. W380-80601-09-HC, W380-80602-09-HC, W380-80603-09-HC
### IN THE 380TH DISTRICT COURT
### FROM COLLIN COUNTY

**JOHNSON, J., filed a dissenting opinion.**

## D I S S E N T I N G   O P I N I O N

We have not, at least recently, required "magic words" in order to accomplish a legal act.

*Bennett v. State*, 235 S.W.3d 241 (Tex. Crim. App. 2007). It appears that we have, at least in this

case, reverted.  The record reflects that there had been a pre-trial discussion, unfortunately off the

record, during which applicant "took the position that it's all one act."  When charged by two sets

of three identical indictments, a position of "it's all one act" rather obviously raises the issue of

double jeopardy: one act punished multiple times. Counsel need not utter the magic words "Objection, double jeopardy" in order to raise the issue. While inartfully stated, a plea of "former jeopardy," coupled with a request for, and objection to the lack of, a double-jeopardy instruction in the jury charge, clearly put the trial court on notice that applicant was asserting that he was unconstitutionally being subjected to multiple punishments for a single act. That claim is apparent on the face of the record. And the trial court was on notice at a time at which it could have addressed the issue. As the state observed in its brief, "If raised and litigated, the trial court could obtain the input of the prosecutor, review case law, hear argument of counsel, and effectuate a remedy in the most timely and direct fashion."[1] The opportunity to do all those things was present, yet the trial court, by failing to recognize and address the issue, prevented litigation on double jeopardy. Double jeopardy may be a waivable right, but applicant did not waive his rights. I would hold that applicant preserved error. *Chase v. State*, 448 S.W.3d 6, 28 (Tex. Crim. App. 2014) ("We also conclude that appellant was permitted to preserve error either by lodging a sufficiently specific objection in compliance with Article 36.14 or by submitting a proposed instruction in compliance with Article 36.15.").

Applicant's counsel on appeal apparently failed to raise the issue of double jeopardy. Appellants do not often tell appellate counsel what issues to raise and, even if they did, appellate counsel does not have to consult with the appellant because the issues raised must all be preserved

---

[1] The state avers that it "believes a full Statement of Facts regarding the underlying case will be beneficial to the Court." The next 14 pages are a recitation of applicant's activities out of court, which are unrelated to the single fact of consequence—that applicant did not appear on a given court date. State's brief, fn.2 p. 2 and pp. 2-16.

in the record.[2] An appellant may not even know what issues are being appealed. An appellant's only recourse on a claim of ineffective assistance is to file a writ asserting that claim.

> The second reason we have given for not enforcing a procedural bar in this context is because there is not generally a realistic opportunity to adequately develop the record for appeal in post-trial motions. In this regard, we have noted that a post-conviction writ proceeding, rather than a motion for new trial, is the preferred method for gathering the facts necessary to substantiate such a Sixth Amendment challenge: . . .. Hence, in most ineffective assistance claims, a writ of habeas corpus is essential to gathering the facts necessary to adequately evaluate such claims.

*Robinson v. State*, 16 S.W.3d 808, 810 (Tex. Crim. App. 2000).

Violation of the right to not be subjected to double jeopardy is a constitutional error, which may be raised for the first time on an application for a writ of habeas corpus. *Ex parte Banks*, 769 S.W.2d 539, 541 (Tex. Crim. App. 1989) ("Because this error was of constitutional magnitude, we considered it on application for writ of habeas corpus even though the error was not raised on direct appeal."); *Ex parte Milner*, 394 S.W.3d 502, 506 (Tex. Crim. App. 2013) ("When a double-jeopardy violation has occurred, a writ of habeas corpus is a proper venue through which to challenge the error."). Because applicant preserved error as to deprivation of a constitutional right, he may raise it in his application for a writ, and we may address it. *Ex parte Townsend*, 137 S.W.3d 79 (Tex. Crim. App. 2004) does not apply here because *Townsend* is a case that is only about statutory interpretation of Article 42.08 of the Texas Code of Criminal Procedure, which governs cumulation of sentences. The *Townsend* opinion contains neither the word "double" nor the word "jeopardy."

No one contests that applicant was placed on bond on three felonies or that he twice failed

---

[2] *Ex parte Moss*, 446 S.W.3d 786, 790 (Tex. Crim. App. 2014) ("[T]he resolution of Applicant's claim turns on documents in the record . . . ."); *Ex parte Niswanger*, 335 S.W.3d 611, 615 (Tex. Crim. App. 2011) ("Allegations of ineffectiveness must be based on the record, and the presumption of a sound trial strategy cannot be overcome absent evidence in the record of the attorney's reasons for his conduct.")

to appear. Nor does anyone contest that he was convicted of three charges of failure to appear and that the trial of the remaining three charges resulted in a mistrial, which allows the state to retry him on those charges.[3]

I find it odd that the state argues that "[p]enalizing the violation of a bond rather than the singular failure to appear provides a more direct relationship between the harm and the penalty. After all, if a defendant fails to appear on three bonds, the surety forfeits the principal in each bond, as was the case here." Bondsmen assess the risk that a given client will abscond and charge a commensurate fee, usually a substantial one of at least ten percent; it is their business to assume risk, which in some ways is like laying down chips at the Blackjack table. Sometimes they correctly assess the risk and gain substantial income for fairly little work. Sometimes they miscalculate and become liable for the principal. Again, that is their business—the way they earn their living. The state's role in a criminal prosecution is to prosecute the offender. It is in no way the role of the state to safeguard the income of a bondsman. A defendant has already paid whatever the bondsman charged and may, at least theoretically be subject to being sued by the bondsman, but that "harm" is not relevant to any criminal charges. The bondsman will indeed suffer financial loss, but the harm that is relevant here is harm to an actual party to the lawsuit, in this case, the defendant, and to the administration of justice. Having six third-degree offenses instead of two may not harm a defendant when he also has a 75-year sentence in another case, but we are not deciding only this case; we are

---

[3] I was startled to read in the state's brief that by "failing to apprise the trial court and State of this issue, Applicant appears to have deprived the State of a proper opportunity to prosecute him for at least one more offense. After all, the second set of indictments alleged a different failure to appear. Thus, if at trial Applicant's Double Jeopardy theory holds water, the State still could have obtained a conviction for the failure to appear." This assertion totally ignores the fact that the state did have a "proper opportunity to prosecute him for at least one more offense" and in fact did so; the jury failed to reach verdicts on the three indictments that alleged the second failure to appear, and the state is free to try appellant again on those charges.

deciding the law, and having six sentences, even concurrent ones, instead of two is likely to have a negative effect on the Parole Board's decision on release.

By the language of the statute, the gravamen of the offense is that the defendant failed to appear. Using the eighth-grade grammar test, a phrase that is preceded by a preposition ("in"),[4] is a circumstance, not a gravamen.[5] Ergo, "in accordance with the terms of his release," is a circumstance that makes failure to appear in court an offense. The sole gravamen of the offense remains the act of failing to appear, thus the unit of prosecution is the number of times the offense was committed. *Ex parte Goodbread*, 967 S.W.2d 859, 860 (Tex. Crim. App. 1998) ("For Double Jeopardy purposes, the same offense means the identical criminal act, not the same offense by name. . . . [W]hen one cannot determine from the State's pleadings whether the offenses prosecuted are the same, the court must look to the proof offered at trial."). In this case, therefore, the state may charge him with two offenses, one for each missed court date. *Garfias v. State*, 424 S.W.3d 54, 58 (Tex. Crim. App. 2014).

Much has been made of "in accordance with the terms of his release." According to the indictments in these cases,

> after being lawfully released from custody on bail for a pending felony criminal offense . . . styled *The State of Texas v. Eric Reed Marascio*, with the condition that he subsequently appear in court, did intentionally and knowingly fail to appear for a docketed court setting in accordance with the terms of his release, namely, his Felony Surety Bond for $5,000.00 dated December 5, 2008, and filed with the District Clerk of Collin County on December 11, 2008, against the peace and dignity of the State. (Italics in original.)

---

[4] For the use of the eighth-grade grammar test as to another preposition, "by," *see, e.g., Stuhler v. State,* 218 S.W.3d 706, 718 (Tex. Crim. App. 2007) ("Generally, adverbial phrases, introduced by the preposition 'by,' describe the manner and means of committing the offense. They are not the gravamen of the offense, nor elements on which the jury must be unanimous.") (quoting *Jefferson v. State*, 189 S.W.3d at 315-16 (Cochran J., concurring))."

[5] "The violation of the terms of release is the gravamen of the offense, . . .." State's brief, p. 31.

The "terms of his release" are that a bondsman must post bail in the amount of $5,000. That transaction is a private contract with a third-party, not a contract with the court to be released on a personal recognizance bond.[6] He fulfilled his obligation "in accordance with the terms of his release" by hiring a bondsman to post bail. The only way in which the dignity of the trial court was harmed was that he failed to appear. He did that on two occasions and is therefore subject to one punishment for each failure to appear: a single punishment for a single act.

In some cases, the terms of his release may include more than simply posting bail. And there are statutory defenses to prosecution,[7] so we need something to measure an alleged failure to appear against, hence the language "in accordance with the terms of his release."

We do not charge a thief with four thefts if he steals a wallet that contains cash and three credit cards; we charge him with a single theft. And if a burglar enters a home without consent once and commits theft, assault, and arson, he may be charged with only one burglary, not three.[8] Likewise we should not condone three charges for a single act of failing to appear.

The state urges that if "the Court holds that jumping bail on multiple cases is a single offense, it would create a perverse incentive to jump bail when facing multiple charges and reduce the utility of the bail jumping statute." State's brief at 18. The logic of that assertion escapes me. The mere

---

[6] Assuming that it is proper for a court to insert itself into a private civil contract between a defendant and a bondsman, may the court then criminalize any breach of that private contract? What if a defendant is meticulous about court dates but fails to check in with the bondsman?

[7] Tex. Penal Code Sec. 38.10

   . . .
   (b) It is a defense to prosecution under this section that the appearance was incident to community supervision, parole, or an intermittent sentence.
   (c) It is a defense to prosecution under this section that the actor had a reasonable excuse for his failure to appear in accordance with the terms of his release.

[8] He may, however, be charged separately for theft, assault, and arson, but then not for burglary.

fact that a defendant faces multiple charges may be reason enough to abscond. And if a defendant is facing multiple charges, he would face the same number of charges, plus at least one more, when he is returned to custody. If this Court condones multiple punishments for a single failure to appear, those charges will be part of the same criminal episode and very likely will be tried in the same proceeding, making, in most cases, concurrent sentences mandatory pursuant to Article 42.08 of the Texas Code of Criminal Procedure. Penal Code Section 38.10(f) states that "[a]n offense under this section is a felony of the third degree if the offense for which the actor's appearance was required is classified as a felony." Assuming the lack of prior offenses with which to enhance the punishment range—which may be a stretch in many cases—the defendant will be subject to a maximum of ten additional years' imprisonment, no matter how many indictments are brought. Such a sentence may well not deter flight if the underlying charges are offenses of a higher degree and are subject to stacking.

I would address, on our own motion, a claim of ineffective assistance as to appellate counsel for failing to appeal the preserved claim of constitutional error that subjected applicant to double jeopardy. Further, I would hold that a single act of failure to appear is subject to a single punishment, no matter how many individual charges are pending.

I respectfully dissent.


Filed: October 7, 2015
Publish