

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. WR-49,980-12;WR-49,980-13;WR-49,980-14;WR-49,980-15;WR-49,980-16

### EX PARTE KEITH MICHAEL ST. AUBIN, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 98CR0360; 98CR0362; 98CR0358; 98CR0359; 98CR0361
### IN THE 10TH DISTRICT COURT OF GALVESTON COUNTY

*Per curiam*. KEASLER, J. filed a dissenting statement, joined by HERVEY and YEARY, JJ. KELLER, P.J. dissents.

#### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of four counts of attempted capital murder and one count of murder and sentenced to life imprisonment in each cause. The First Court of Appeals affirmed his convictions. *St. Aubin v. State*, Nos. 01-98-01340-CR; 01-98-01342-CR; 01-98-01318-CR; 01-98-01339-CR; 01-98-01341-CR (Tex. App.—Houston [1st Dist.], May 25, 2000)(not designated for publication).

Applicant contends that but for a violation of the United States Constitution, no rational juror could have found him guilty beyond a reasonable doubt in these cause numbers. TEX. CODE CRIM. PROC. Art. 11.07 § 4(a)(2). He alleges that all of these convictions allege the murder of the same victim as an element to the offenses and therefore only one conviction can stand under this Court's double jeopardy laws. Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Milner,* 394 S.W.3d 502 (Tex. Crim. App. 2013). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez,* 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id.*

The trial court may also order depositions, interrogatories or a hearing. It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact first as to whether any of these convictions violate double jeopardy. If so, the trial court shall then make findings as to which conviction should stand. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting the continuance shall be sent to this Court. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within 120 days of the date of this order.  Any extensions of time shall be obtained from this Court.

Filed: November 11, 2015
Do not publish