**Opinion filed August 16, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00209-CR

_____

## CAMERON ANTHONY MARSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**
**Ector County, Texas**
**Trial Court Cause No. B-43,265**

### O P I N I O N

The question in this appeal is whether double jeopardy bars prosecution for the offense of aggravated assault of a public servant when the accused has already been convicted of the same offense in an adjacent county; here, the accused discharged a firearm toward two troopers during a pursuit that spanned both counties. The answer to the question depends upon the allowable unit of prosecution. Prior to trial in Ector County, Appellant, Cameron Anthony Marson,

entered a special plea of double jeopardy based upon his convictions in Andrews County. The trial court in Ector County denied Appellant's special plea, and the jury convicted Appellant of two counts of aggravated assault of a public servant. *See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b)(2)(B) (West 2011). For each count, the jury assessed Appellant's punishment at confinement for life and a $10,000 fine. Because Appellant's prosecution in Ector County was barred by double jeopardy, we vacate the judgments that stem from that prosecution.

Appellant argues in his first issue that he was prosecuted twice for the same two offenses in violation of the Double Jeopardy Clause of the Fifth Amendment. Appellant's four convictions arise from a police chase that began in Ector County and continued into Andrews County. On October 25, 2013, Appellant was the passenger in a stolen vehicle. The complainants—Trooper William Alston (Count I) and Trooper Marco Caro (Count II)—gave chase in a marked DPS patrol unit. During the pursuit, Appellant leaned out the window, pointed a firearm at the troopers, and shot at them. Appellant fired numerous shots at the troopers, both in Ector County and in Andrews County.

An Andrews County grand jury quickly returned two indictments against Appellant: one for the offense of aggravated assault of a public servant for threatening Trooper Alston by shooting in his direction and one for the offense of aggravated assault of a public servant for threatening Trooper Caro by shooting in his direction. A few months later, Appellant was indicted in Ector County for the offense of aggravated assault of a public servant for threatening Trooper Alston by shooting at him (Count I) and for the offense of aggravated assault of a public servant for threatening Trooper Caro by shooting at him (Count II).

In October 2015, Appellant entered into a plea agreement with respect to the Andrews County indictments. Pursuant to that agreement, Appellant pleaded guilty, was convicted as charged in the indictments, and was sentenced to confinement for

twenty-five years in each cause. The district attorney in Ector County was of the opinion that a sentence of twenty-five years was "just not enough" and proceeded with the counts against Appellant in Ector County.

After being finally convicted in Andrews County, but prior to the beginning of the trial in Ector County, Appellant filed a special plea of double jeopardy in the Ector County cause, objected to proceeding to trial, and asked that the Ector County indictment be dismissed. The trial court in Ector County conducted two pretrial hearings on the matter but ultimately permitted the State to proceed to trial. During the trial, evidence of the entire criminal episode was introduced. This appeal stems from the Ector County convictions.

The State acknowledges that "relevant Texas case law is largely against the State." Nevertheless, the State argues that double jeopardy did not bar Appellant's prosecution in Ector County because Appellant committed multiple offenses of aggravated assault of each complainant because he fired numerous shots in their direction and each shot "was the result of a separate impulse." The State urges this court to hold that "each time Appellant pulled the trigger, he was committing a separate criminal act, requiring a separate culpable mental state." We respectfully disagree with the State's contention.

It is well settled that the Double Jeopardy Clause of the Fifth Amendment protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969); *Ex parte Milner*, 394 S.W.3d 502, 506 (Tex. Crim. App. 2013); *Bigon v. State*, 252 S.W.3d 360, 369 (Tex. Crim. App. 2008); *see* U.S. CONST. amend. V. It is also well settled that venue is not an element of an offense. *Schmutz v. State*, 440 S.W.3d 29, 34 (Tex. Crim. App. 2014). The Supreme Court has stated, "The Double Jeopardy Clause is not such a fragile guarantee that prosecutors can avoid its

limitations by the simple expedient of dividing a single crime into a series of temporal or spatial units." *Brown v. Ohio*, 432 U.S. 161, 169 (1977). In *Brown*, the Court held that the successive prosecution of a defendant for the same offense with which he had been convicted in a neighboring jurisdiction—based upon his stealing a vehicle and "joyriding" in it for several days—violated the Double Jeopardy Clause. *Id.*

Here, the State charged Appellant with four violations of the same statute. The prosecutions against Appellant must be viewed as the acts of a single sovereign under the Double Jeopardy Clause. *See Waller v. Florida*, 397 U.S. 387, 390, 395 (1970). If each alleged violation of the statute involved a separate "allowable unit of prosecution," Appellant's claim of double jeopardy must be rejected.[1] *See Harris v. State*, 359 S.W.3d 625, 629 (Tex. Crim. App. 2011); *Ex parte Hawkins*, 6 S.W.3d 554, 556–57 (Tex. Crim. App. 1999); *Ex parte Rathmell*, 717 S.W.2d 33, 35 (Tex. Crim. App. 1986). To determine the allowable unit of prosecution, we must look to legislative intent:

> The legislature defines whether offenses are the same. It does so by prescribing the "allowable unit of prosecution," which is "a distinguishable discrete act that is a separate violation of the statute." And the discovery of the allowable unit of prosecution is a task of statutory construction.

*Hawkins*, 6 S.W.3d at 556–57 (quoting *Sanabria v. United States*, 437 U.S. 54, 69–70 & n.24 (1978)). Statutory construction is a question of law. *Harris*, 359 S.W.3d at 629. To ascertain legislative intent, we look first to the plain and literal language of the statute in question. *Id.* at 629–30. Absent an explicit statement from the legislature to indicate the allowable unit of prosecution, "the best indicator of

---

[1] We note that, in cases involving multiple alleged violations of the same statute, the rule of statutory construction established by the Supreme Court in *Blockburger v. United States*, 284 U.S. 299, 304 (1932), does not apply. *Harris v. State*, 359 S.W.3d 625, 629 n.4 (Tex. Crim. App. 2011).

4

legislative intent regarding the unit of prosecution is the gravamen or focus of the offense." *Id.* at 630 (citing *Jones v. State*, 323 S.W.3d 885, 889 (Tex. Crim. App. 2010); *Huffman v. State*, 267 S.W.3d 902, 907 (Tex. Crim. App. 2008)).

The relevant portions of the aggravated assault statute read as follows:

(a) A person commits an offense if the person commits assault as defined in § 22.01 and the person:

. . . .

(2) uses or exhibits a deadly weapon during the commission of the assault.

(b) An offense under this section is a felony of the second degree, except that the offense is a felony of the first degree if:

. . . .

(2) regardless of whether the offense is committed under Subsection (a)(1) or (a)(2), the offense is committed:

. . . .

(B) against a person the actor knows is a public servant while the public servant is lawfully discharging an official duty . . . .

PENAL § 22.02(a)(2), (b)(2)(B). Section 22.01, referenced above in Section 22.02(a), provides in relevant part that a person commits an offense if the person "intentionally or knowingly threatens another with imminent bodily injury." *Id.* § 22.01(a)(2).

The Court of Criminal Appeals has determined that, in Texas, the gravamen of the offense of aggravated assault is the specific type of assault defined in the Penal Code and that the allowable unit of prosecution for an assaultive offense is one unit per victim. *Ex parte Denton*, 399 S.W.3d 540, 546–47 (Tex. Crim. App. 2013); *see Shelby v. State*, 448 S.W.3d 431, 438–39 (Tex. Crim. App. 2014); *Garfias v. State*, 424 S.W.3d 54, 60 (Tex. Crim. App. 2014); *see also Bigon*, 252 S.W.3d at 372; *Hawkins*, 6 S.W.3d at 560. In *Hawkins*, the court held that the allowable unit of prosecution for aggravated robbery was each victim that the defendant had assaulted;

5

he had committed the underlying assaults by threatening each of two victims with a gun. 6 S.W.3d at 555, 560.

We adhere to the aforementioned cases and hold that the allowable unit of prosecution for the aggravated assaults with which Appellant was charged is each victim, not each discharge of the firearm. Appellant's prosecution and resulting convictions in Ector County violated his right not to be prosecuted a second time for an offense for which he had already been convicted. *See Ex parte Milner*, 394 S.W.3d 502, 506, 510 (Tex. Crim. App. 2013). We sustain Appellant's first issue. Having sustained the first issue, we do not address the second and third issues, which relate to ineffective assistance of trial counsel and proof of venue.

We vacate the judgments of the trial court, and we render a judgment of acquittal in both counts at issue in this appeal.


JIM R. WRIGHT
SENIOR CHIEF JUSTICE


August 16, 2018

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, J.;
Gray, C.J., 10th Court of Appeals[2];
and Wright, S.C.J.[3]

Willson, J., not participating.

---

[2]Tom Gray, Chief Justice, Court of Appeals, 10th District of Texas at Waco, sitting by assignment to the 11th Court of Appeals.

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.