

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,934-07

### EX PARTE VICTOR WHITE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. D-38,105-B IN THE 358TH DISTRICT COURT
### FROM ECTOR COUNTY

**KELLER, P.J., filed a dissenting opinion in which YEARY, KEEL, and SLAUGHTER, JJ., joined.**

Applicant claims that two of his three convictions violate double jeopardy, and that counsel was ineffective for failing to raise the double-jeopardy claim. He raises these claims in a subsequent writ application. Because he does not claim that his double-jeopardy complaint is based on new facts or new law, he can meet an exception to the subsequent-writ bar only by meeting the "innocence gateway" exception, which requires a showing by a preponderance of the evidence that "*but for* a violation of the United States Constitution, no rational juror could have found the applicant guilty beyond a reasonable doubt."[1] I would hold that his multiple-punishments double-

---

[1] *See* TEX. CODE CRIM. PROC. art. 11.07, § 4(a)(2) (emphasis added).

jeopardy claim does not meet this exception.[2]

The Supreme Court has explicitly recognized that the State has the right to prosecute and obtain jury verdicts on two offenses in a single trial, even if the offenses are the same for double-jeopardy purposes. In *Ball*, the Supreme Court explained that there was no impropriety in the prosecutor filing a charging instrument including counts that involved offenses that were the same for double-jeopardy purposes "even though the defendant could not *in the end* stand convicted of both offenses."[3] The Supreme Court also said,

> If, upon the trial, the district judge is satisfied that there is sufficient proof to go to the jury on both counts, he should instruct the jury as to the elements of each offense. Should the jury return guilty verdicts for each count, however, the district judge should enter judgment on only one of the statutory offenses.[4]

The Supreme Court could not have been more clear: two charged offenses that are the same for double-jeopardy purposes can be submitted to the jury, even if conviction on both would violate double jeopardy. Violation of double jeopardy is prevented by entering judgment on only one of the offenses.

Because the double jeopardy violation occurs only after the finding of guilt, it cannot be a

---

[2] A plurality of the Court already held this in *Ex parte St. Aubin,* 537 S.W.3d 39, 43 (Tex. Crim. App. 2017) (plurality op.), and the fifth vote for the result in that case agreed that the plurality's discussion of double-jeopardy law was "legally correct," *id.* at 48 (Keasler, J., concurring). Arguably that makes *St. Aubin* a fractured decision with a common binding holding. *Unkart v. State*, 400 S.W.3d 94, 100 (Tex. Crim. App. 2013). Even if it is not, a view of the law shared by five judges in a prior decision of this Court ought to at least be seriously considered. But regardless of all of that, the Court ought to address the Supreme Court's reasoning in *Ball*, *infra*, which I focus on in this dissent.

[3] *Ball v. United States*, 470 U.S. 856, 860 n.8 (1985) (emphasis added).

[4] *Id.* at 865.

"but for" cause of the finding of guilt.[5] The *Milner* case cited by the Court today involved a double-jeopardy claim based on successive prosecutions rather than on multiple punishments.[6] Unlike a multiple-punishments violation, a successive-prosecutions violation occurs when a defendant is tried a second time, and so the violation precedes the finding of guilt in the second case.[7]

And this makes sense. As a practical matter, if a defendant is charged with two offenses that are the same for double-jeopardy purposes, and it violates double jeopardy to submit them both to the jury, how would a trial judge know which offense to submit to the jury and which offense to dismiss? A jury might find a defendant guilty of one but not the other if both were submitted, and if the judge dismissed the wrong case, a defendant whom the jury believed guilty of the other offense would walk free. Sometimes it would be possible to submit one of the offenses as an alternative manner and means or as a lesser-included offense, but not always.[8] And we have held that when

---

[5] *See St. Aubin*, 537 S.W.3d at 43-44 (plurality op.).

[6] *See Ex parte Milner*, 394 S.W.3d 502, 505 (Tex. Crim. App. 2013) ("Applicant plead guilty to the attempted capital murders in Cause Nos. 2404 and 2405 . . . was assessed consecutive life sentences in each cause. The three pleas were entered in separate proceedings conducted consecutively on the same day."); *id.* at 504 ("Applicant has proven that he is actually innocent of the second conviction for attempted capital murder."). *See also St. Aubin*, 537 S.W.3d at 42-43 (discussing *Milner)*.

[7] *See Brown v. Ohio*, 432 U.S. 161, 165 (1977) ("The Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.") (internal quotation marks omitted). *See also St. Aubin*, 537 S.W.3d at 42. In fact, the *St. Aubin* plurality distinguished *Milner* for precisely this reason. *See id.* at 42-43. Given not only *St. Aubin*, but the obvious difference between the successive-prosecution and multiple-punishment branches of double-jeopardy jurisprudence, the Court errs to uncritically rely on *Milner*.

[8] *See Ex parte Ervin*, 991 S.W.2d 804, 806, 815-16 (Tex. Crim. App. 1999) (Manslaughter and intoxication manslaughter are the same offense for double jeopardy purposes when they arise out of the same incident causing the same death even though they are codified in different chapters of the Penal Code and neither is a lesser-included offense of the other.).

there is a multiple-punishment double-jeopardy violation, the remedy is for the appellate court to retain the most serious offense, which is that for which the greatest sentence was assessed.[9] But when the jury assesses punishment, that would not be known until after the jury assesses sentence, and even when the trial judge assesses punishment, that would not be known until the end of the punishment evidence.

The Court errs in failing to address the Supreme Court's analysis of the issue in *Ball*. The Court also errs to uncritically rely upon *Milner*, a successive-prosecutions case.

We should dismiss the entire application pursuant to Article 11.07, § 4. Because the Court grants relief on the double-jeopardy claim, I respectfully dissent.

Filed: May 15, 2024
Publish

---

[9] *Bien v. State*, 550 S.W.3d 180, 188 (Tex. Crim. App. 2018).